Richard J. TONER, Plaintiff,

v.

Gerald E. WILSON, Dep. Supt., et al., Defendants.

Civ. No. 82–0608.

United States District Court, M.D. Pennsylvania.

July 12, 1984.

Richard J. Toner, pro se.

Jerome T. Foerster, Deputy Atty. Gen., Dept. of Justice, Harrisburg, Pa., for defendants.

## ORDER

MUIR, District Judge.

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

In an order in this case dated November 14, 1983, this Court adopted a finding by United States Magistrate J. Andrew Smyser that Plaintiff Toner had willfully and in bad faith violated a discovery order. The Court adopted Magistrate Smyser's recommendation that dismissal of this action was an appropriate sanction under Fed.R.Civ.P. 37. The Court also concluded that the Defendants are entitled to attorney's fees for the work caused by Toner's failure to obey the order. A copy of the November 14 order is attached as the appendix. We reserved decision, however, on the question of what award of attorney's fees would be appropriate in this case and directed the parties to file briefs addressed to that question. The Defendants filed their brief on

November 30, 1983. Plaintiff Toner filed his brief on July 5, 1984 after the Court had granted Toner's several requests for stays of proceedings because Toner had sustained injuries which Toner claimed prevented him from proceeding with this action. This matter is now ripe for our decision.

Rule 37 provides that expenses, including attorney's fees, *shall* be awarded when a discovery order is disobeyed "unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R.Civ.P. 37(b)(2). As noted at the outset, Toner's violation of the discovery order was willful and in bad faith and clearly was not "substantially justified." As we suggested in our November 14, 1983 order, the only possible reason not to award the Defendants their attorney's fees is that such an award might be unjust in light of Toner's poverty.

■■■ Having reviewed the parties' briefs on the issue and relevant case law, we conclude that an award of expenses against Plaintiff Toner would not be unjust merely because of his poverty.

The purpose of Rule 37 is to penalize a party who violates a discovery order and to deter future violations of discovery orders. We think that the deterrent purpose of Rule 37 would not be served by dismissal of this suit alone. Plaintiff Toner is a pro se prisoner litigant who has instituted 11 lawsuits in this Court between 1981 and the present and he has proceeded in forma pauperis in most or all of them. In light of this fact, we doubt that dismissal of this action without more would significantly deter possible future abuse of the discovery process by Toner. We agree with the Defendants that while Toner's poverty may present the Defendants with a problem in collecting any award, Toner's poverty does not make an award of expenses unjust. Finally, we note that several courts have expressed their agreement with the proposition that a party's indigency is irrelevant to an award of expenses under Rule 37. *See Bell vs. Automobile Club of Michigan,*

80 F.R.D. 228 (E.D.Mich.1978), appeal dismissed without opinion, 601 F.2d 587 (6th Cir.), *cert. denied,* 442 U.S. 918, 99 S.Ct. 2839, 61 L.Ed.2d 285 (1979); *Harlem River Consumers Cooperative vs. Associated Grocers of Harlem,* 64 F.R.D. 459 (S.D.N.Y.1974) (award of expenses against indigent party appropriate in case of willful and bad faith violation of discovery order) (dictum). *See also Flint vs. Haynes,* 651 F.2d 970 (5th Cir.1981), *cert. denied,* 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982) (taxation of $289.00 costs by the Clerk of Court against a litigant proceeding in forma pauperis who had a disposable monthly income of $20.00 not an abuse of discretion).

■■■ We turn now to the question of what award of expenses should be made in this case. Defendants' counsel claims that he spent five hours in preparing and filing his motion to compel discovery and a supporting brief, preparing the motion for sanctions and a supporting brief and preparing for and attending the hearing on the Defendants' motion for sanctions which was held before Magistrate Smyser on September 2, 1983. Defendants' counsel claims attorney's fees in the amount of $100.00 per hour for this work. Although the Court's November 14, 1983 order directed Toner to brief the question of "what award of expenses would be just in the circumstances of this case," Toner's brief addresses only the question already decided by the Court, i.e., whether the Defendants are entitled to any award at all, and Toner does not address the amount of expenses to be awarded to the Defendants. Toner does not contest Defendants' counsels' claim that he devoted five hours to this matter.

We will award Defendants' counsel attorney's fees for the five hours of work necessitated by Toner's failure to cooperate in discovery and his violation of the Court's discovery order but will not award counsel fees at the rate claimed by Defendants' counsel. Defendants' counsel is a Deputy Attorney General for the Commonwealth of Pennsylvania. In our view, a reasonable

hourly rate for Defendants' counsel is $50.00. This conclusion is based on our observation of the quality of the work performed by the Attorney General's Office.

### NOW, THEREFORE, IT IS ORDERED THAT:

1. The Defendants' motion for attorney's fees pursuant to Fed.R.Civ.P. 37(b)(2) is granted.

2. The Defendants are hereby awarded $250.00 for their attorney's fees.

3. The Clerk of Court shall enter judgment in favor of the Defendants and against Plaintiff Toner for $250.00 and close this file.

### APPENDIX

### ORDER

### November 14, 1983

MUIR, District Judge.

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The Defendants in this action have moved for sanctions against Plaintiff Toner for his failure to obey a court order directing him to comply with the Defendants' discovery request.

On August 26, 1982, Plaintiff Richard J. Toner, an inmate at the State Correctional Institution at Huntingdon, Pennsylvania, filed an amended complaint in which he alleged that the Defendants had damaged Toner's law books and thereby violated his constitutional rights. On December 17, 1982, the Defendants filed with the court and served on Toner a motion under Rule 34 of the Federal Rules of Civil Procedure that Toner produce for inspection and copying the law books which are the subject of his lawsuit and various other documents. That motion stated that

Defendant Hart requests Plaintiff Richard J. Toner to appear and produce the originals of the following documents for inspection and photocopying at the office of Donald R. Morder at the State Correctional Institution at Huntingdon, Penn-

sylvania, on or after January 22, 1982, during normal business hours but in no event later than 30 days after service of this motion upon you.

\*     \*     \*     \*     \*     \*

9. The books which you claim to have been damaged in Paragraph V of your complaint.

After Toner failed to comply with the Defendants' request for production, the Defendants filed a motion for an order compelling discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure. On May 10, 1983, United States Magistrate J. Andrew Smyser ordered Toner to comply with the Defendants' motion for production. On June 17, the Defendants filed a motion pursuant to Rule 37 of the Federal Rules of Civil Procedure requesting sanctions against Toner for his failure to obey the discovery order. The Defendants requested that this Court dismiss Toner's lawsuit and order Toner to pay the attorney's fees incurred by the Defendants in attempting to secure compliance with the discovery order.

On September 2, 1983, Magistrate Smyser held a hearing to determine whether Toner had willfully violated the discovery order. On September 6, Magistrate Smyser filed a report finding that Toner had willfully violated the Court's order. He recommended that the case be dismissed and the Defendants' request for attorney's fees be denied. Both Toner and the Defendants filed exceptions to the Magistrate's report accompanied by supporting briefs and this matter is now ripe for our decision.

I. Toner's Willful, Bad Faith Violation of the Discovery Order.

Magistrate Smyser's report concludes that Toner's failure to comply with the discovery order was willful and in bad faith. The Defendants' motion for production, to which the Magistrate's order clearly referred, stated that "Defendant Hart requests Plaintiff Richard J. Toner to appear and produce the originals of the following documents for inspection and photo-

copying *at the office of Donald R. Morder ....*" (emphasis added). The Magistrate rejected Toner's contention that he was unaware of his obligation to do anything other than wait for the Defendants to stop by his cell to review and inspect the law books and documents. Magistrate Smyser also rejected Toner's claim that he did not produce the books and documents as required by the order because he lacked opportunity to do so.

This Court has no reason to reject the Magistrate's finding that Toner willfully and in bad faith violated the discovery order. In his exceptions to the Magistrate's report, Toner raises the same claims rejected by the Magistrate and raises several additional arguments, all of which are unconvincing. Toner claims that even if he had obeyed the order, Mr. Morder would not have been able to do anything with the documents in question because Morder's attorney had to be present to review the documents. This argument is irrelevant; Toner was absolutely required to comply with the order regardless of whether or not the Defendants would benefit from his compliance. Toner also claims that he was denied a fair hearing before Magistrate Smyser because Toner was not allowed to call witnesses on his behalf. However, he has not alleged that the Magistrate would have reached a different result had Toner been allowed to call witnesses. Furthermore, in his order denying Toner's applications for writs of habeas corpus ad testificandum for the prisoners Toner sought to have testify at his hearing, Magistrate Smyser stated that he would allow Toner to make a showing at the September 2 hearing as to why the testimony of those prisoners would be relevant to the issues presented by the Defendants' motion for sanctions. Magistrate Smyser evidently determined that the testimony Toner sought to have introduced was irrelevant.

Finally, the Court notes that although Toner has been on notice that the Defendants wished Toner to produce the documents in Mr. Morder's office at least since April 13, 1983, Toner has never indicated that he has or will comply with the Defend-

ants' discovery request or the Magistrate's order directing compliance with that request. Toner has never asserted any good reason for his failure to comply with the discovery request. Toner's conduct suggests that his interest in this action is not so much to vindicate his constitutional rights as to prolong this suit and harrass the Defendants.

The sanction requested by the Defendants, dismissal of this lawsuit, is proper where a plaintiff has willfully or in bad faith violated a discovery order. *National Hockey League vs. Metro Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747, *reh'g. den.*, 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976). Toner has willfully and in bad faith failed to comply with Magistrate Smyser's May 10, 1983 discovery order and this Court will therefore order this lawsuit dismissed.

II. The Defendants' Request for Attorney's Fees.

The magistrate recommended in his report that the defendants' request for attorney's fees be denied. For the reasons that follow, the Court rejects the Magistrate's recommendation but reserves decision as to the amount of expenses to be assessed against Toner.

The Magistrate recommended that attorney's fees not be awarded because Toner is proceeding in forma pauperis, the case is being dismissed, the Defendants' attorneys are paid by the Commonwealth of Pennsylvania, and "an order requiring the Plaintiff to pay $500.00 to the Commonwealth is unnecessary to serve the purposes of Rule 37 and would serve no worthwhile purpose."

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that:

In lieu of [sanctions for failure to comply with a discovery order] or in addition thereto, the Court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially

justified or that other circumstances make an award of expenses unjust.

Thus, absent a situation where failure to comply was substantially justified or circumstances making an award of expenses unjust, the Court *shall* order the disobedient party to pay reasonable expenses. Rule 37(b)(2) "was framed this way to encourage expense awards...." 4A Moore's Federal Practice ¶ 37.03[2.–7] p. 37–89 to 90. The drafters of Rule 37(b)(2) apparently believed that, absent justifiable non-compliance or circumstances making an award of expenses unjust, an award of expenses was necessary to effectuate the purpose of Rule 37.

It is unclear whether the Magistrate believed that an award of expenses in this case would be unjust. Assuming that the Magistrate did not so find, we do not understand his conclusion that ordering Toner to pay the Defendants "would serve no worthwhile purpose" and is "unnecessary to serve the purposes of Rule 37." If, on the other hand, the Magistrate concluded that an award of expenses in these circumstances would be unjust, we disagree with that conclusion.

Both the Magistrate and Toner point to the fact that Toner is proceeding in forma pauperis in this matter. The Court does not agree that an award of expenses against a Plaintiff proceeding in forma pauperis is necessarily unjust. The Court would not order Toner to pay expenses without considering his poverty. However, Toner's poverty should not absolutely preclude an award of expenses for disobedience to a court order, particularly where such disobedience was willful and in bad faith. As pointed out in *Flint vs. Haynes*, 651 F.2d 970 (5th Cir.1981), *cert. denied*, 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982), a plaintiff proceeding in forma pauperis might have nothing to lose and everything to gain if he were immune from an award of costs or expenses. *Id.* at 973. This observation seems particularly relevant to a plaintiff found to have willfully and in bad faith thwarted the discovery process and disobeyed a court order.

Finally, we do not understand the Magistrate's conclusion that an award of expenses to the Defendants would be either unjust or unnecessary in light of the fact that the Defendants' attorneys are paid by the Commonwealth of Pennsylvania. Any award of expenses to the Defendants in this action would benefit the Defendants' employer, the Commonwealth of Pennsylvania, not the Defendants themselves. We see no reason why the Government should be forced to bear the expenses caused by its adversary's bad faith non-compliance with a court order when a private litigant clearly need not bear such expenses under Rule 37(b)(2).

Rule 37(b)(2) mandates that the Court require Toner to pay the reasonable expenses incurred by the Defendants as the result of his disobedience.

Rule 37(b)(2) provides that the Court shall require the disobedient party to pay the *reasonable* expenses *caused by* his failure to obey the order. The Defendants have requested that the Court order Toner to pay them $500.00 "for five hours of chargeable time in preparing and filing the motion to compel and its supporting brief, the motion for sanctions and its supporting brief and in preparing for and attending the hearing which was held on September 2, 1983." The expenses incurred by the Defendants in preparing and filing the motion to compel and supporting brief are not expenses "caused by" the Defendants' failure to obey the Court order as that order was issued subsequent to the Defendants' preparation of the motion to compel. *Cf.* Fed.R.Civ.Pro. 37(a)(4). Thus, an award of these expenses under Rule 37(b)(2) would be improper. The other expenses for which the Defendants seek reimbursement were, however, caused by Toner's non-compliance; once it became clear to the Defendants that Toner would not obey the Court's order, it was reasonable for the Defendants to move for sanctions.

The parties to this lawsuit have devoted much of their own effort and utilized a considerable amount of this Court's time in resolving what is essentially a dispute over

whether Toner will walk down the hall to Mr. Morder's office or Mr. Morder will walk down the hall to Toner's cell. Some of these expenses incurred by the Defendants might be considered unreasonable in that, if the Defendants truly desired to examine and copy the books and documents in Toner's possession which were the subject of the discovery order, the Defendants could have personally approached Toner rather than doing so by way of court process. The Defendants have never alleged that they would be unable to see the books without intervention of the Court.

Nevertheless, the Defendants were perfectly within their rights in attempting to secure Toner's compliance with the Court order. Moreover, while the Defendants might have been able to see Toner's law books as they purportedly desired without this Court's intervention, their actions have served the important purpose of vindicating the Court's authority. Consequently, their conduct cannot be deemed unreasonable.

In light of Toner's poverty, an award of several hundred dollars as requested by the Defendants (even discounting that portion of the $500.00 requested attributable to preparing the motion to compel discovery, *see supra*) may be unjust and therefore impermissible under Rule 37. The Court will therefore require that the parties submit briefs addressed to the question of what size award of expenses would be just under the circumstances of this case.

### NOW, THEREFORE, IT IS ORDERED THAT:

1. The Defendants' motion for sanctions against Plaintiff Toner for his failure to obey a discovery order is granted.

2. This action is dismissed with prejudice.

3. The Court reserves its decision on the amount of expenses to be awarded the Defendants pending receipt of briefs addressed to the question of what award of expenses would be just in the circumstances of this case.

4. The parties shall submit briefs addressed to the above question within 20 days of the date of this order.