**Roy Anderson DAY, Plaintiff-Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Allstate Enterprises Financial Corporation, Defendants-Appellees.**

**Nos. 85–2303, 85–2304, 85–2551 and 85–2552 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 5, 1986.

Roy Anderson Day, pro se.

J. Clifford Gunter, III, Michael Kuhn, Houston, Tex., Bracewell & Patterson, Gayle A. Boone, Houston, Tex., for defendants-appellees.

Before GEE, RANDALL and W. EUGENE DAVIS, Circuit Judges.

RANDALL, Circuit Judge:

These consolidated appeals involve suits initiated by Roy A. Day against the defendants. The district court dismissed the suits for Day's failure to comply with numerous orders of the court. We affirm the judgment dismissing the suits as well as the judgment awarding attorney's fees against Day. In addition, we impose further sanctions against Day.

## I.

In 1983, Roy A. Day filed lawsuits in state court in Texas against Allstate Enterprises Financial Corp. ("AE"), and Allstate Insurance Company ("AI"). (The defendants will be referred to collectively as "Allstate.") Allstate removed both suits to federal court. The suit against AE alleged that AE had wrongfully taken possession of Day's automobile, which secured a promissory note made by Day to AE. AE denied Day's allegations and counterclaimed, alleging that Day sought to avoid being held in default on his loan payments by fraudulently claiming a physical disability. Days's suit against AI alleged that AI had refused to pay benefits owed Day under an insurance policy purchased by Day from AI. AI denied liability, arguing that the policy had never become effective because Day had made fraudulent misrepresentations.

Once the two suits were removed to federal court, Allstate began conducting—or, more accurately, *attempting* to conduct—discovery. Allstate attempted to depose Day and to examine various documents. Day would not submit. His tactics of evasion ranged, and continue to range, from dilatory to devious. Day has not merely refused to cooperate with the district court and Allstate; he has defied or disregarded numerous court orders. Day has used the federal courts, and the leniency afforded to pro se litigants like him, as instruments to harass and badger. As the district court found, Day's "actions have been willful, in bad faith, and 'in callous disregard for the obligations of any party to the litigation'" (quoting *Eastway General Hospital v.*

*Eastway Women's Clinic,* 737 F.2d 503, 505 (5th Cir.1984)). Day's suits against Allstate, and now this appeal, clog the courts, waste Allstate's money, waste the government's money, and divert judicial attention from far more important matters.

A brief chronology of the procedural history of Day's lawsuits, characterized most prominently by his repeated disregard for the district court's discovery orders, attests to Day's blatant abuse of the judicial system. After Allstate removed the suits to federal court, Allstate, in accordance with Rules 33 and 34, served requests for documents and written interrogatories. Day gave them no heed. Day claimed that everything Allstate sought was protected under the attorney-client privilege, but he did not seek a protective order under Rule 26(c). Allstate filed a motion to compel, explaining that the answers which Day did provide to various interrogatories were either unintelligible or circumlocutory. The district court ordered Day to answer the interrogatories forthrightly and to produce the requested documents. In addition, the court warned Day that a failure to comply could result in a dismissal of the suit (warning number one). Day was nonplussed. He remained reticent, so Allstate filed another motion to dismiss. Day responded that the documents Allstate wanted had been stolen from him, and that even if they had not been, they were protected by the attorney-client privilege. The district court denied Day's claim of privilege (in an order which is not appealed from and which is clearly correct), and ordered Day to list the stolen documents, provide the remaining documents, and answer the interrogatories. Once again, the district court reminded Day that failure to comply could result in dismissal (warning number two). A similar order directing Day to produce documents and answer interrogatories with regard to his suit against AE also met with Day's silence. Allstate filed another motion to dismiss.

Allstate submitted affidavits to the district court alleging that throughout the futile efforts at discovery, Day persisted in contacting directly various employees of Allstate, including secretaries and directors. Allstate moved for a protective order to prevent this harassment, and the district court ordered Day to refrain from contacting Allstate employees and instructed Day to deal directly with the attorneys of record. As had become usual, Day disregarded this order and continued to contact and harass Allstate employees, prompting Allstate to move once again for sanctions. In response, the district court simply repeated its order that Day refrain from contacting Allstate employees. Unmoved by this leniency, Day continued to act as he had.

On December 13, 1984, Allstate noticed Day for deposition, scheduling the deposition for January 24, 1985. On January 24, without having filed a motion for protection or anything else, Day did not show up. On February 7, 1985, Allstate filed another motion for sanctions. Day was apparently unconcerned, and continued not to comply with the numerous discovery orders which had been issued. On March 4th and 5th, 1985, Allstate filed new motions for sanctions in both cases. On March 8, 1985, the district court ordered Day to comply with the previous discovery orders by March 20 or risk sanctions, including dismissal (warning number three). Day did virtually nothing. He did appear for his deposition, but he used the appearance as still another opportunity for chicanery. As the district court noted, "the transcript [of the deposition] indicates that for over an hour [Day] refused to allow Allstate's attorney to question him, instead using the time to introduce non-sensical evidence and exhibits into the record, verbally abusing the defendant's attorney and generally wasting everyone's time and defendant's money." On March 26, nearly a week after the court's "deadline" had passed, Allstate again moved for sanctions. The district court's patience had finally worn thin, and the court dismissed Day's suits with prejudice, awarding attorney's fees to Allstate. The district court observed:

It is clear that this case in general and [Day's] tactics in particular have gone on

far too long. This Court, in consideration of [Day's] pro se status has unfortunately allowed [Day] to not only waste the Court's time and energy (and indirectly taxpayer money), but has allowed [Allstate's] money to be needlessly expended.... In the case before the Court it is impossible to conclude [that Day's] refusal to comply with the discovery orders was anything other than willful and in bad faith. This conclusion of willfulness would be reached if for no other reasons than the Court has given [Day] numerous opportunities to comply and yet [Day] has continuously failed to even attempt compliance. Moreover, [Day] has a history of non-compliance in virtually all of the various suits he has filed in this District.

## II.

Rule 37 provides that the district court may impose sanctions against parties who fail to comply with the district court's discovery orders. Fed.R.Civ.P. 37(b), (d). Day has attacked the district court's order—not to mention the district judge himself, the judge's law clerks, and various other court officials—raising along the way a plethora of objections to the dismissal of the suit and the imposition of sanctions. Day also argues that the district judge erred in not recusing himself. On appeal, Day argues for the first time that this case raises a question under the Clayton Act (the question it supposedly raises is not specified). In addition, he vilifies the judges of this court, requesting that the entire Fifth Circuit recuse itself and send this action to the D.C. Circuit. We decline this request.

■ Dismissal of a plaintiff's lawsuit is a tool which, while available to the district court, must be used only with caution, for dismissal "is an extreme sanction which is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists." *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir.1980) (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir.

1980)). In *Anthony*, we noted that "[d]eliberate, repeated refusals to comply with discovery orders have been held to justify the use of the ultimate sanction of dismissal under Rule 37(b)." 617 F.2d at 1167 n. 3; *see also Jones v. Louisiana State Bar Ass'n*, 602 F.2d 94 (5th Cir.1979); *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir. 1979). When a district court resorts to this extreme sanction, our inquiry, upon review, is whether the court abused its discretion. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Anthony*, 617 F.2d at 1167. In *Martin-Trigona v. Morris*, 627 F.2d 680 (5th Cir.1980), this court, in affirming a district court's dismissal for want of prosecution (Fed.R.Civ.P. 41(b)), noted that the plaintiff's failure to respond to court orders was "attributable only to himself." 627 F.2d at 682. Day's obstreperous behavior is likewise attributable solely to Mr. Day. The short chronology we have recapitulated in Part I attests to the district court's Job-like patience. The order of dismissal, coming when it did and after at least three warnings, was not an abuse of discretion.

■ The district court also awarded attorney's fees to Allstate. The final paragraph of Rule 37(b) provides as follows:

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Allstate's attorneys, in requesting attorney's fees for Allstate, submitted adequate documentation to the district court of the hours and materials they had expended on this vexatious litigation. The documentation was sufficient to permit the district court to assess attorney's fees in accordance with the criteria set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). We review the

district court's award of $5,000 in attorney's fees under the abuse of discretion standard. This award was clearly not an abuse of discretion.

### III.

In the proceedings below, Day acted as his own lawyer and was certified as an in forma pauperis ("IFP") litigant. However, his motion to appeal to this court IFP was denied by the district court, which found "it impossible to certify that [Day's] appeal is taken in good faith." Under 28 U.S.C. § 1915(a), an appeal "may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also* Fed.R.App.P. 24(a). Nevertheless, this court granted Day's motion to proceed IFP not only to address these appeals but also to alert Day, other potential victims of his behavior, and the district courts to the possibility of more severe sanctions. Having given Day the benefit of the doubt, and having examined this record quite closely, we simply cannot escape the conclusion that Day's original lawsuits, and now these appeals, are utterly without merit. His briefs are filled not with argument or authority, but with vituperative harangue. He has now had his day in this Court of Appeals, and he has done nothing to dispel the district court's finding that these suits are baseless and vexatious.

■■■ We are extremely reluctant to impose monetary sanctions against an IFP litigant. We are even more reluctant, however, to condone or treat lightly Day's abusive tactics. IFP status is not a license to harass. As the Tenth Circuit has noted:

a person who is an indigent has no constitutional right to access to the courts to prosecute an action that is frivolous and malicious. And although he has obtained leave to prosecute such an action without prepayment of costs or giving security therefor, if after he has commenced the action the court becomes satisfied that the action is frivolous and malicious, it may dismiss the action and adjudge that the costs of the action shall be assessed against him. That necessarily follows,

because such indigent person had no right to prostitute the processes of the court by bringing a frivolous and malicious action.

*Duhart v. Carlson,* 469 F.2d 471, 478 (10th Cir.1972), *cert. denied,* 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973); *see also Chevrette v. Marks,* 558 F.Supp. 1133 (M.D.Pa.1983). Imposing costs on IFP plaintiffs is rare, but not unheard of. *See, e.g., Flint v. Haynes,* 651 F.2d 970 (4th Cir.1981), *cert. denied,* 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982) (affirming taxation of costs against an IFP litigant with a monthly disposable income of $20); *Toner v. Wilson,* 102 F.R.D. 275 (M.D.Pa. 1984) (awarding expenses against an IFP plaintiff for violation of Rule 37). Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators). *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980); *Remington Products, Inc. v. North American Philips Corp.,* 107 F.R.D. 642, 644 (D.Conn.1985); *Toner,* 102 F.R.D. at 276; *see generally* 4A *Moore's Federal Practice* ¶ 37.02. Sanctions may be necessary because often dismissal alone will not faze a venemous litigant bent on disrupting the judicial system and committed to employing the legal process as a means to torment his enemies. As the court observed in *Toner,* the "deterrent purpose of Rule 37 would not be served by dismissal of this suit alone." 102 F.R.D. at 275. Thus, in accordance with Allstate's motion and supplemental motion for sanctions, we will remand this case to the district court so that it may calculate the additional amount of attorney's fees due Allstate from Day as a result of this frivolous appeal. In addition, we further assess double costs against Day for his persistence in using clearly frivolous appeals to harass good faith litigants. Fed.R. App.P. 38; 28 U.S.C. § 1912; *see Hagerty v. Succession of Clement,* 749 F.2d 217, 221–23 (5th Cir.1984).

Although we hold that Allstate is entitled to recovery of attorney's fees, we recog-

nize that Day's ostensible "poverty may present [Allstate] with a problem in collecting any award." *Toner*, 102 F.R.D. at 275. Nevertheless, Day's indigency "does not make an award of expenses unjust." *Id.* He has defied numerous court orders; he has abused court personnel; he has directed calumnies at judges, law clerks, administrators, and litigants. It is difficult to imagine a more appropriate case for sanctions.

Given the potential inefficacy of such sanctions, however, we briefly mention, for Day's own benefit, the possibility of additional, more severe, action. The district judge in this case did consider holding Day in contempt, a sanction expressly provided for under Rule 37. Day's poverty, even if genuine, would not interfere with the potency of such recourse. In addition, Day is dangerously close to, and perhaps he has already reached, the level of vexatiousness held sufficient to justify the imposition of an injunction against another perennial plaintiff, the effect of which was to bar that plaintiff from filing any additional actions without first obtaining leave to do so from the district court. *See In re Martin-Trigona*, 737 F.2d 1254 (2d Cir.1984), *aff'd*, 573 F.Supp. 1245 (D.Conn.1983). We hope these sanctions will prove unnecessary; but if necessary, they are available.

For the foregoing reasons, we grant Allstate's motion for sanctions, assess double costs against Day, remand for a determination of the amount of additional attorney's fees due Allstate, and warn Day that further behavior of the sort chronicled in this opinion may result in more severe sanctions. The judgment dismissing Day's suits and assessing attorney's fees is AFFIRMED.