**Dora E. DuBOSE, Plaintiff,**

v.

**Nicholas BRADY, Secretary, Department of the Treasury, Defendant.**

**Civ. A. No. 3–88–1757–F.**

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 28, 1991.

Dora E. DuBose, Dallas, Tex., pro se.

Marvin Collins, U.S. Atty., and Stafford Hutchinson, Asst. U.S. Atty., Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL WITH PREJUDICE

ROBERT W. PORTER, District Judge.

BEFORE THE COURT is the Report and Recommendation of the United States Magistrate filed on October 3, 1990, wherein the Magistrate recommends the dismissal with prejudice of the above-styled and referenced cause. After carefully reviewing the entire record in this case, consulting the pertinent authorities, and considering the plaintiff's *pro se* status, the Court is of the opinion that the Magistrate's recommendation is correct. Accordingly, and for the reasons discussed hereinafter, this action shall be DISMISSED WITH PREJUDICE.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY OF THIS CASE

The events leading up to the Magistrate's recommendation of dismissal may be summarized as follows. On July 27, 1988, the plaintiff, Dora E. DuBose ("DuBose"), filed her complaint alleging multiple claims of discrimination in federal employment and wrongful discharge by her employer, the United States Internal Revenue Service, a component of the Department of the Treasury. Defendants moved for dismissal.[1]

By order of November 18, 1988, Judge Jerry Buchmeyer (1) dismissed certain of the named defendants; (2) dismissed certain of DuBose's claims; (3) identified the exclusive remedy for claims of discrimination in federal employment; and (4) identified the proper party to be named as a defendant in a lawsuit of this type.[2]

---

1. Defendants later answered this lawsuit, on February 17, 1989.

2. First, Judge Buchmeyer dismissed with prejudice defendant James A. Baker, III, in his individual capacity only and dismissed defendants Cindy Morgan and Thomas H. Hall in their

By order of November 21, 1988, Judge Buchmeyer denied DuBose's motion for a temporary injunction finding that DuBose had failed to show (1) a substantial likelihood of prevailing on the merits; (2) that she is likely to suffer irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the harm the injunction may do to the Defendants; and (4) that granting the injunction will not disserve the public interest.

On December 20, 1988, DuBose filed her first amended original complaint. Disregarding Judge Buchmeyer's November 18, 1988 Memorandum Opinion and Order, DuBose "amended" her complaint by reintroducing the same claims relating to punitive damages and monetary damages sounding in tort that had been previously dismissed. She alleged jurisdictional bases for the complaint other than the limited permissible bases clearly identified in Judge Buchmeyer's order. DuBose renamed as defendants federal employees in their individual capacities, thereby further disregarding the Court's previous ruling on this issue. Additionally, DuBose's first amended original complaint alleges "irreparable injury"—a matter previously addressed in Judge Buchmeyer's November 22, 1988 denial of DuBose's motion for a temporary injunction.

Pursuant to special order number 3–24, this case was one of many transferred to the docket of the undersigned and later consolidated with the case styled *Dora E. DuBose v. Nicholas F. Brady, et al.,* Civil Action Number 3–88–2695–F.

On May 15, 1989, the Court denied DuBose's "Plaintiff's Motion for Leave to Amend First Amended Original Complaint" because of her failure to comply with Local Rule 5.2(b), relating to amendments to complaints, and Local Rule 5.1(a), requiring a conference with opposing counsel before filing a motion with the Court. By order of July 28, 1989, DuBose was admonished by the Court to observe all Local Rules as follows: "The Court would first note that Plaintiff continues to violate the Local Rule [5.1(a) ] requiring conference prior to filing motions with this Court. The Court is aware of the fact that Plaintiff is *pro se;* however, all parties are required and expected to conform with the [Local] Rules." (Paragraph Two of the Court's Order of July 28, 1989) and see, Local Rule 13.7 (parties proceeding *pro se* "shall be expected to read and follow the local rules of this Court and the Federal Rules of Civil or Criminal Procedure as appropriate in the particular case").

On September 5, 1989, DuBose filed a document styled "First Motion for Joinder of Claims," etc. which the Court denied without prejudice to DuBose seeking leave to amend her pleadings after such time as she has exhausted administrative remedies. Three days later, the United States of America Merit Systems Protection Board Dallas Regional Office issued its "Initial Decision." On November 13, 1989, DuBose filed a document styled "Motion for Judicial Review of Merit Systems Protection Board's Case No. DA07528910438 Final Decision and Motion for Joinder of Additional Parties and Request for Leave to Amend."

In this motion, DuBose again sought to bring in claims previously dismissed and also to add the Office of Personnel Management as a defendant, notwithstanding Judge Buchmeyer's November 18, 1988 ruling that in a Title VII discrimination

---

official and individual capacities. Second, Judge Buchmeyer dismissed DuBose's claims sounding in tort for compensatory and punitive damages as follows: "Under the comprehensive regulatory schemes of Title VII and ADEA, it is inappropriate for a federal employee to recover compensatory or punitive damages in an employment discrimination suit. *See Ford v. General Motors Corp.,* 656 F.2d 117, 119 (5th Cir. 1981)." Third, Judge Buchmeyer identified the remedy for alleged discrimination in federal employment as follows: "Title VII, 42 U.S.C.A. sec. 2000e–16(c), and the section of the Age Discrimination in Employment Act (the "ADEA") applicable to the federal government, 29 U.S.C.A. section 633a, provide the exclusive remedy for claims of discrimination in federal employment. *See Brown v. General Serv. Admin.,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Fourth, citing *Gonzales v. Secretary of the Air Force,* 824 F.2d 392 (5th Cir.1987), Judge Buchmeyer identified the proper party in a Title VII suit against the Treasury Department as the head of the department, in his or her official capacity. *See also, Hampton v. I.R.S.,* 913 F.2d 180 (5th Cir.1990).

suit, pursuant to 42 U.S.C. section 2000e, the only proper party is the agency or department head in his or her official capacity.

On May 10, 1990, DuBose appealed to the Fifth Circuit certain interlocutory orders relating to her case which had been entered on February 15, 1990; April 30, 1990; and May 3, 1990; by the United States Magistrate and by the District Court. Also on this date, DuBose filed an affidavit of inability to pay costs and a motion for leave to proceed *in forma pauperis*. Associated with prosecuting this interlocutory appeal, DuBose, claiming *in forma pauperis* status, ordered a transcript of an April 19, 1990, hearing before the United States Magistrate relating to a discovery dispute. At the point that she ordered the transcript, DuBose's status as an *in forma pauperis* litigant was undetermined because her motion to proceed *in forma pauperis*, filed the day before, had not yet been ruled on. Nonetheless, she falsely represented herself as *in forma pauperis* to the office of the United States Magistrate. The motion was later denied as moot.[3]

On July 13, 1990, DuBose filed a "Request" for "leave to amend the second amended original complaint." Despite the Court's order of July 28, 1989, DuBose again failed to comply with the conference requirement of Local Rule 5.1(a) by labelling as a "request" what was plainly a motion.

On August 10, 1990, the Court denied without prejudice DuBose's motion for leave to amend her complaint. Due to DuBose's pattern of disrespect for and noncompliance with Court orders in this case, the Court imposed a $100.00 monetary sanction against her. The order set forth in detail DuBose's prior non-compliance with Court orders which necessitated the imposition of the $100.00 monetary sanction.[4]

Further, the order contained the following express language providing clear notice and warning to DuBose of the possibility of additional sanctions being imposed if further inappropriate behavior occurred with regard to the conduct of this lawsuit: "The Plaintiff is hereby put on notice that her continued refusal to abide with Court orders may result in the Court levying additional sanctions against Plaintiff, **without notice, which sanctions could include dismissal, a finding of contempt, or both.** *See* Fed.R.Civ.P. 16(f)." (Emphasis added. Order of the District Court, August 10, 1990, pp. 3–5).

DuBose failed to timely pay the sanction. Moreover, this Court has taken judicial notice of the official records of the financial office of the United States District Clerk which establish that as of February 28,

---

**3.** On June 6, 1990, the United States Court of Appeals for the Fifth Circuit dismissed DuBose's May 10, 1990, interlocutory appeal stating that the "district court's rulings are not final orders and we can discern no other basis for appellate jurisdiction."

**4.** [T]he plaintiff is directed to refrain from her practice of including in one paragraph impermissible claims and/or defendants and then, in the same paragraph, stating that the foregoing is to be deemed deleted in order to comply with the Court's previous orders. This practice of Plaintiff has led to uncertainty with regard to some of the claims Plaintiff seeks to include in her new complaint. The Court [shall not be] compelled once again [to] expend the time necessary to review briefs and to again dismiss the same improper causes of action and defendants that have been reintroduced ...

Additionally, Plaintiff continues to claim entitlement to a jury trial (see paragraph 45 of Plaintiff's Proposed Complaint) notwithstanding this Court's earlier order [of April 30, 1990] in which the Court clearly held that the Plaintiff is not so entitled.

Lastly, the Plaintiff has continued to fail to comply with Local Rule 5.1(a)'s prefiling conference requirement by labeling her motions as "requests." The Court would note that the Plaintiff was previously admonished, [in its order of July 28, 1989], for past failures to comply with the aforesaid conference requirement, and that Plaintiff was warned that she was expected to adhere to all Local Rules. (Order, August 10, 1990).

Accordingly, the Court is of the opinion that the Plaintiff should be fined the sum of $100.00 as a sanction for her continued refusal to heed order of the Court. Plaintiff is directed to tender to the Clerk of Court a check or money order in that amount within 10 days of the date of this order.

1991, DuBose has still failed and refused to pay the sanction.

On September 10, 1990, the matter of DuBose's failure to pay the sanction was referred to the United States Magistrate for a show cause hearing. DuBose appeared *pro se*, and the defendant appeared by counsel, before United States Magistrate John B. Tolle on October 2, 1990. At the hearing, DuBose was given the opportunity to show cause why she should not be held in contempt for her failure to pay the $100.00 sanction. The testimony at the hearing established the following:

(a) For approximately eleven weeks in June, July and August of 1990, Plaintiff was gainfully employed. She testified that she received paychecks once every two weeks.

(b) She testified that her take-home pay during the time in question varied from a low amount of $579.00 to something more that $800.00 per pay period.

(c) She received her last paycheck on August 27, 1990, in the amount of approximately $579.00.

(d) She concedes that she had the money to make timely payment of the $100.00 sanction imposed by the Court, but she had other bills to pay and elected to pay those other bills rather than to comply with this court's order. (Magistrate's Report and Recommendation of October 3, 1990 at pp. 1–2).

Based on the evidence before him, the Magistrate recommended the dismissal of DuBose's case as follows:

It is manifest from Plaintiff's testimony that she willfully failed to comply with this court's order at a time when she was able to do so. By any standard, Plaintiff's failure to comply with this court's order therefore constitutes a contempt of this court. Contained within the August 10, 1990 order is the express warning to Plaintiff that her continued refusal to comply with court orders may result in sanctions, including dismissal of the case. The record of this case clearly establishes contumacious conduct on the part of Plaintiff which would justify dismissal with prejudice pursuant to provisions of Rule 41(b) of the Federal Rules of Civil Procedure. *See Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167–1169 (5th Cir.1980).

I recommend that the Plaintiff be found in contempt of this court and that the court dismiss this action with prejudice pursuant to the provisions of Rule 41(b) of the Federal Rules of Civil Procedure.[5]

## ANALYSIS AND DISPOSITION

In evaluating the propriety of the sanction of dismissal with prejudice, the Court is mindful of DuBose's *pro se* status and affords her the full liberality of judicial scrutiny as a *pro se* litigant. *See e.g., Miller v. Stanmore*, 636 F.2d 986 (5th Cir. 1981).

The dismissal of a plaintiff's lawsuit in its entirety for failing to comply with the district court's orders is an extreme sanction which is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists. *Day v. Allstate Insurance Company*, 788 F.2d 1110 (5th Cir. 1986).[6] Dismissals with prejudice are reserved for only the most egregious cases

---

**5.** DuBose appealed the Magistrate's "Report and Recommendation" directly to the Fifth Circuit. This represented her second attempt to appeal an interlocutory order of the District Court or United States Magistrate. Associated with the prosecution of this appeal, she again represented herself to be *in forma pauperis* to the office of the United States Magistrate when she ordered a transcript of the October 2, 1990 proceeding in which she was found to be in contempt of Court. By order of November 7, 1990, the Fifth Circuit again summarily dismissed this second interlocutory appeal, citing lack of jurisdiction.

**6.** In *Day*, the Fifth Circuit upheld the district court's dismissal of an *in forma pauperis pro se* plaintiff's case because of his repeated refusal to comply with discovery orders. Further, the imposition of $5,000.00 in monetary sanctions, in the form of attorneys' fees, was upheld, notwithstanding the plaintiff's *in forma pauperis* status, because of the plaintiff's "vexatious" behavior during the litigation of the case. Clearly, the law in the Fifth Circuit is that *pro se* plaintiffs, even if proceeding *in forma pauperis*, are not exempt from appropriate sanctions when required. *See also Jackson v. Carpenter*, 921 F.2d 68 (5th Cir.1991) (*in forma pauperis* litigants,

where there is a clear record of contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice. *Jureczki v. City of Seabrook, Texas,* 668 F.2d 851 (5th Cir. 1982) *cert. denied* 475 U.S. 1045, 106 S.Ct. 1261, 89 L.Ed.2d 571 (1986); *Hildebrand v. Honeywell, Inc.,* 622 F.2d 179 (5th Cir. 1980).

The record in the instant case reflects that DuBose has demonstrated a blatant pattern of repeated acts of disobedience of this Court's rulings. She twice sought to reintroduce claims previously dismissed by the order of two separate judges of this Court. She refused to abide by the conference requirement of Local Rule 5.1(a) despite the Court's admonishment of July 28, 1989, and often she deceitfully styled her motions as "Requests" in an attempt to avoid the conference requirement of the Local Rules. DuBose continued to claim entitlement to a jury trial despite the Court's order of April 30, 1990 in which her jury demand was stricken as impermissible in this type of lawsuit. DuBose has represented to the office of the United States Magistrate that her status as a litigant was *in forma pauperis,* in order to obtain free transcripts, when in reality she had no authorization to so proceed. DuBose's own testimony before the United States Magistrate establishes that she willfully refused to pay the $100.00 sanction at a time when she was able to do so. As of this date, February 28, 1991, the sanction remains unpaid.

DuBose's refusal to obey Court orders has resulted in the defendants having to brief and re-brief the same issues over and over again. It has resulted in a waste of the Court's time in having to reconsider and rule again on issues which have been ruled upon previously. The Court's detailed order of August 10, 1990, placed DuBose on notice of possible further sanctions against her if she continued to brush aside Court orders.

Before resorting to the extreme sanction of dismissal, the Court, after repeated ad-

monishment of DuBose's behavior, imposed, in the first instance, a lesser sanction in the form of a $100.00 monetary fine. DuBose willfully refused to pay it. DuBose's non-response to the orders and directives of the Court, and her willful failure to pay the $100.00 monetary sanction require resort to a more extreme sanction. The Court finds and concludes that the United States Magistrate's Report and Recommendation of October 3, 1990, is entirely correct and that DuBose's behavior in this case rises to the level of "contumacious conduct" within the meaning of *Day, supra,* and is, therefore, deserving of a like sanction.

Accordingly, the Magistrate's Report and Recommendation of October 3, 1990 is hereby ADOPTED by this Court. DuBose's manifest record of abusive litigation practices, and disrespectful, deceitful, and contumacious conduct will not be tolerated by this Court.[7] DuBose will not be permitted to exploit her *pro se* status to shield herself from the severe sanction of dismissal, which this Court has now been forced to impose, but which she alone has caused and brought upon herself.

This Court expressly finds the plaintiff, Dora E. DuBose, to be in contempt of Court by her knowing and willful refusal to obey the August 10, 1990, order of the Court requiring her to pay a $100.00 sanction for her disobedience of the Court's order of July 28, 1989. Plaintiff's motion of October 2, 1990, to proceed on appeal *in forma pauperis* is DENIED as moot.

In light of the foregoing, IT IS ORDERED that, pursuant to Federal Rule of Civil Procedure 41(b), the above-styled and numbered consolidated action is hereby DISMISSED IN ITS ENTIRETY WITH PREJUDICE at plaintiff's cost. IT IS SO ORDERED.

---

like all others who appear before courts, are subject to sanctions); *Goad v. Rawlings,* 921 F.2d 69 (5th Cir.1991).

7. *See Dondi Properties Corp. v. Commerce Sav. and Loan Ass'n,* 121 F.R.D. 284 (N.D.Tex.1988) (*en banc*).