United States Court of Appeals,

Eleventh Circuit.

No. 95-9063.

Stacy C. GRAY, individually, and as Surviving Spouse of Lt. Douglas G. Gray, and as Personal Representative of Lt. Douglas G. Gray, deceased, Plaintiff-Appellee,

v.

LOCKHEED AERONAUTICAL SYSTEMS COMPANY, a division of Lockheed Corporation, Defendant-Appellant,

United States of America, Defendant.

Grace M. SCHUMACHER, individually, and as Surviving Parent of Lt. John T. Hartman, and as Personal Representative of Lt. John T. Hartman, Deceased, Plaintiff-Appellee,

v.

LOCKHEED AERONAUTICAL SYSTEMS COMPANY, a division of Lockheed Corporation, Defendant-Appellant,

United States of America, Defendant.

Wilma J. JENNINGS, individually and as Surviving Parent of Lt. David S. Jennings, and as Personal Representative of Lt. David S. Jennings, Deceased, Plaintiff-Appellee,

v.

LOCKHEED AERONAUTICAL SYSTEMS COMPANY, a division of Lockheed Corporation, Defendant-Appellant,

United States of America, Defendant.

Oct. 24, 1997.

Appeals from the United States District Court for the Northern District of Georgia. (Nos. 1:91-CV-2399-ODE, 91-CV-2400-ODE, and 1:91-CV-2401-ODE), Orinda D. Evans, Judge.

Before HATCHETT, Chief Judge, TJOFLAT, Circuit Judge, and CLARK, Senior Circuit Judge.

HATCHETT, Chief Judge:

Appellant, Lockheed Aeronautical Systems Co. (Lockheed), appeals from a district court order granting the appellees, Stacy Gray, Grace Schumacher and Wilma Jennings, the amount of their requested attorneys' fees and costs, which were awarded as a sanction against Lockheed for destroying documents involved in a discovery request. We affirm.

BACKGROUND

In October 1991, the appellees brought wrongful death and survival actions against Lockheed for damages after an S-3 Viking jet aircraft that Lockheed manufactured crashed and claimed the lives of the appellees' decedents. In August 1992, during discovery, the appellees served a request for production (RFP) of documents on Lockheed concerning the aircraft at issue. Lockheed responded that it would produce the documents to the extent possible. Later, Lockheed suggested the appellees visit and inspect the documents at its offices in California. Appellees served a second RFP on October 30, 1992. Prior to responding to the second RFP, Lockheed learned that between June and August of 1992, a member of its legal department had destroyed some of the documents that appellees sought. Lockheed did not inform appellees of the documents' destruction, and made a general objection to appellees' second RFP of documents. In December 1992, Lockheed informed the appellees of the documents' destruction. Appellees filed a motion to compel as to their second RFP in January 1993, and Lockheed responded explaining its objection.

On February 22, 1993, appellees filed a motion for sanctions because of destroyed documents. The district court denied the motion to allow the parties further discovery to develop the factual record. After a more complete record developed, the appellees renewed the motion for sanctions on July 26, 1993. Lockheed opposed the motion, arguing that its employee inadvertently discarded the twenty-year-old documents. On September 30, 1994, the district court found Lockheed negligent and liable for sanctions under Federal Rule of Civil Procedure 37(d) because Lockheed's actions caused appellees to expend time and effort seeking documents that no longer existed. The district court ruled as a sanction against Lockheed that the appellees were entitled to the attorneys' fees and costs they incurred for litigating the destroyed documents issue.

After all discovery concluded in this case, the appellees' wrongful death and survival actions commenced to a bench trial in February and March of 1995. On March 31, 1995, the district court issued an opinion finding Lockheed liable and awarding damages to the appellees and the decedents' estate. *Gray v. Lockheed Aeronautical Systems Co.,* 880 F.Supp. 1559 (N.D.Ga.1995). After entry of judgment on April 3, 1995, appellees filed a motion for attorneys' fees and costs, related to their

motion for sanctions on the destroyed documents issue, and Lockheed opposed the amount of fees that the appellees requested. On July 21, 1995, the district court awarded appellees attorneys' fees and costs based on the hours expended and the requested hourly rate.

## ISSUE

The sole issue we discuss is whether the district court abused its discretion in determining the attorneys' fees and costs awarded to appellees.

## CONTENTIONS

Lockheed contends that the district court applied an hourly charge far in excess of the prevailing market rate; awarded fees for legal services unrelated to the document destruction issue; and erroneously awarded attorneys' fees for excessive, duplicative and unnecessary billings. Appellees maintain that the district court properly rejected the attorneys' fee rate suggested in Lockheed's affidavit; determined a reasonable rate of compensation and number of hours expended; and correctly found that Lockheed failed to make specific objections to the hours claimed.

## DISCUSSION

We review a district court's award of attorneys' fees for abuse of discretion, closely scrutinizing questions of law that are decided in reaching the fee award. *Hollis v. Roberts,* 984 F.2d 1159, 1160 (11th Cir.1993). Here, Lockheed raises objections to the district court's determination of the hourly rate and hours expended on the appellees' part as they sought the production of documents that Lockheed negligently failed to preserve. In *Norman v. Housing Authority of Montgomery,* 836 F.2d 1292 (11th Cir.1988), we discussed the standards that apply to determine hourly rates and hours expended. We defined a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299 (citations omitted). To determine reasonable hours expended, we explained a district court could use its discretion to exclude "excessive or unnecessary work on given tasks." *Norman,* 836 F.2d at 1301.

3

Upon review of the record, we conclude the district court did not abuse its discretion because sufficient evidence in the record supports the district court's determination of the hourly rate and hours expended related to the destroyed documents. The district court relied on affidavits and credible news reports to determine the hourly rate. These news reports were drawn, in part, from fee applications filed with the U.S. Bankruptcy Court for the Northern District of Georgia. These fees reflected "a broad cross-section of different-size firms and different levels of attorney experience," and a range of practice specialties going beyond technical bankruptcy-specific work, as non-bankruptcy related work is often funneled through the bankruptcy courts. As one of the news reports noted, "though not a perfect cross-section of the local legal market at large, the survey of bankruptcy records is a remarkably reliable gauge of the going rate." Given the frequency with which product liability issues give rise to bankruptcy and are resolved under the auspices of the bankruptcy courts, we conclude that the district court acted within its discretion in accepting this information as relevant evidence regarding the proper hourly rate in this action. *See, e.g., In re Piper Aircraft Corp.,* 162 B.R. 619 (Bankr.S.D.Fla.), *aff'd,* 168 B.R. 434 (S.D.Fla.1994), *aff'd,* 58 F.3d 1573 (11th Cir.1995) (aircraft company filed for bankruptcy as a result of escalating litigation costs in connection with defending product liability claims and sought to resolve future liability claims under the auspices of the bankruptcy court forum).

In determining the number of hours worked, the district court relied on the appellees' submission of affidavits and detailed time records and its own knowledge of the protracted and time-consuming nature of the discovery dispute regarding the destroyed documents. The district court specifically found that the appellees' records appeared reliable and noted that Lockheed lodged only conclusory objections to the hours submitted. On appeal, Lockheed contends in its brief that it made specific objections, but provides no record citations to substantiate this claim. Like the district court, we find Lockheed's argument without evidence unpersuasive, and conclude that the district court acted within its discretion in approving of the hours worked as described in the evidence before it. *See Norman,* 836 F.2d at 1301 ("Generalized statements that the time spent was

4

reasonable or unreasonable ... are not particularly helpful and not entitled to much weight.... As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.").

Finding no abuse of discretion in the district court's analysis or determination, we accordingly affirm its award of attorneys' fees.

AFFIRMED.