**In re Judith Eloise HANEY.**

**Robert Fureigh, Plaintiff,**

v.

**Judith Eloise Haney, Defendant.**

**Bankruptcy No. 98–46669 S.**
**Adversary No. 98-4059.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

May 3, 1999.

James Dendy, Little Rock, AR, for plaintiff.

Judith Eloise Haney, Hot Springs Village, AR, pro se debtor.

M. Randy Rice, Little Rock, AR, Chapter 7 Trustee.

### ORDER AWARDING FEES

MARY D. SCOTT, Bankruptcy Judge.

This Cause is before the Court upon the plaintiff's Motion for Order to Compel and for Sanctions Against Defendant, filed on February 25, 1999. Hearing was held on the matter on March 12, 1999, before the Honorable James G. Mixon, after which the Court made its findings of fact and conclusions of law on the record, granting the motion and finding that monetary sanctions were appropriate. At that time, the Court directed the attorney for plaintiff to submit an affidavit of the time spent and amount of fees charged to the plaintiff with regard to the Motion to Compel. The debtor defendant was given the opportunity to file objections to the affidavit. Since the time of that hearing and ruling on the record, the case and this proceeding have been transferred to the undersigned judge. Inasmuch as Judge Mixon previously held a hearing, and made findings of fact and conclusions of law as to the merits of the sanctions, the only issues remaining are those raised by debtor's objection to the affidavit of fees, matters for which hearing is neither merited nor required.

On March 16, 1999, the plaintiff's attorney filed his affidavit, averring that he had expended 3.60 hours of time for a total fee of $450 charged to the plaintiff client. The affidavits does not include any expenses which necessarily would be incurred in filing such a motion, including copying costs and postage. The debtor objected to the fees on April 9, 1999, asserting (1) that the time expended on legal research and drafting correspondence required by Rule 37, Fed.R.Civ.P., are not allowable and (2)

that a fee of $12.50 for a telephone call is not allowable.

 Rule 7037 incorporates Rule 37, Federal Rules of Civil Procedure, without change. Rule 37 permits an award of sanctions against a party who fails to comply with certain rules of discovery. The rule offers the Court a great deal of discretion and flexibility in the award of sanctions, offering an array of possible sanctions, including entry of default and judgment against a defendant. *See* Fed. R.Civ.P. 37(b)(2). The imposition of costs and fees is generally considered to be a "lesser" sanction. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). *Cf. Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). The Court may require the party at fault to pay the "reasonable expenses, including attorneys fees" of the opposing party. The court may impose civil contempt sanctions for two distinct purposes: to coerce compliance with a court order and to compensate for actual losses sustained. *In re Chase & Sanborn Corp.,* 872 F.2d 397, 21 C.B.C.2d 669 (11th Cir.1989). The function of deterrence is thus also a consideration in determining the appropriate sanction. *Satcorp International Group v. China National Import & Export Corp.,* 917 F.Supp. 271 (S.D.N.Y. 1996), *vacated on other grounds,* 101 F.3d 3 (2d Cir.1996); *Marquis v. Chrysler Corp.,* 577 F.2d 624, 642 (9th Cir.1978). Finally, a party's poverty does not necessarily justify a reduction in the fees payable by that party. *Toner v. Wilson,* 102 F.R.D. 275, 275 (M.D.Pa.1984).

 The court has reviewed the file in this adversary proceeding, including the Motion for Sanctions, the deposition of plaintiff filed of record, and the affidavit of attorney's fees and finds the fees to be reasonable. The rules of discovery, including Rule 37, are generally lengthy and fairly complex inasmuch as they contain

numerous exceptions, safe harbors, and notice requirements. All of these matters require not only legal analysis but application of the numerous elements and safe harbors to the facts. The Court files, including the case file, reveal that consideration and application of the facts, the behavior of the debtor, and circumstances require some effort due to debtor's zealous self-representation even while represented by a succession of attorneys. Accordingly, the Court does not believe that two hours time in research of the issues and formulating a letter to this defendant are unreasonable. *See generally Gray v. Lockheed Aeronautical Systems Co.*, 125 F.3d 1387 (11th Cir.1997). *Cf. Marquis v. Chrysler Corp.*, 577 F.2d 624 (9th Cir.1978) ($2,000 for failure to produce documents was a "light sanction."); *Toner v. Wilson*, 102 F.R.D. 275 (M.D.Pa.1984) (5 hours legal work in preparing Rule 37 motion reasonable).

The court also finds that the fee for a brief telephone conversation with debtor's prior attorney regarding discovery is reasonable and allowable. Rule 37 requires the moving party to first attempt to obtain compliance through other means, to negotiate in good faith, and to confirm that compliance with the rule has not been made. Moreover, Rule 9011 requires an attorney to investigate and confirm facts prior to stating them in documents filed before the Court. Inasmuch as the affidavit indicates that this conversation was with regard to the Rule 37 motion, the charge is not only appropriate, in light of the strictures of Rule 9011, it was required. The time and amount are clearly reasonable.

Inasmuch as the Court previously concluded that sanctions were merited and now having determined that the amount of charges submitted by plaintiff's attorney are reasonable and allowable, defendant will be required to pay the fee in its entirety. Accordingly, it is

**ORDERED** that the debtor defendant Judith Eloise Haney shall pay to James Dendy, attorney for plaintiff, the sum of Four Hundred Fifty Dollars ($450.00) as the reasonable attorney's fees charged to his client, Robert Fureigh, with regard to the preparation and prosecution of the Motion to Compel heard by the Court on March 12, 1999.

**IT IS SO ORDERED.**