IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40956
Conference Calendar
_____

MARK ANDREW LEWIS,

                                        Plaintiff-Appellant,

versus

DOUGLAS DRETKE; THOMAS J. PRASIFKA;
RICKY A. DOSS; LARRY HALE; STEVE SANGTER;
LANA K. PODSIM; SUSAN L. YOUNG; PETE PUENTE;
DEBORAH VILLARREAL; JANIE COCKRELL,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-99-CV-33
- - - - - - - - - -
December 11, 2002

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

     Mark Andrew Lewis, Texas prisoner # 694240, seeks leave to proceed in forma pauperis (IFP) following the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3) that his appeal was not taken in good faith. Lewis commenced this civil rights action alleging that he had been denied due process in prison disciplinary proceedings which he

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contended were based on false charges.  As a result of these proceedings, Lewis received 30 days' cell and commissary restriction (including loss of recreation and library privileges, as well as the ability to attend religious services), 90 days loss of telephone privileges, 15 days of solitary confinement, a reduction from trustee class 4 to line class 1, and an increase of his custody level from minimum to medium.  He also asserted that a correctional officer used abusive language against him. The district court dismissed the complaint as frivolous.  Lewis argues that he stated a claim for retaliation and that he has a right of access to the courts.

A prisoner's protected liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The punishment Lewis received from this disciplinary proceeding does not implicate a protected liberty interest.  See Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).  A correctional officer's use of offensive language also fails to rise to the level of a constitutional violation.  See Robertson v. Plano City of Texas, 70 F.3d 21, 24

(5th Cir. 1995). To the extent that Lewis asserts that denial of his IFP motion would deny his right of access to the courts, there is no constitutional right to bring a frivolous action. See Day v. Allstate Ins. Co., 788 F.2d 1110, 1114 (5th Cir. 1986).

Lewis's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Therefore, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED.

The district court's dismissal of Lewis's action and our dismissal of his appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). Lewis is warned that should he accumulate three strikes for purposes of 28 U.S.C. § 1915(g) he will be unable to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury.

IFP DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.