Phyllis JACKSON, Plaintiff,

v.

COLOR TILE, INC., Defendant.

No. DC84–69–NB–O.

United States District Court,
N.D. Mississippi,
Delta Division.

April 25, 1986.

Ellis Turnage, Cleveland, Miss., for plaintiff.

Alfred A. Levingston, Cleveland, Miss., for defendant.

## MEMORANDUM OPINION

BIGGERS, District Judge.

Following presentation of the plaintiff's Title VII case alleging racial discrimination in employment, the court granted a directed verdict for defendant/counterclaimant Color Tile, Inc. (Color Tile). Color Tile then presented its counterclaim for attorney fees, whereafter the court requested supplemental briefing by both parties. Having duly considered the testimony, briefs, affidavits, exhibits and other memoranda submitted by the parties, and being fully advised in the premises, the court is now in a position to rule on this counterclaim.

42 U.S.C. § 2000e–5(k), a portion of Title VII, provides in part as follows:

In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs. . . .

*Id.* The United States Supreme Court has interpreted this statute as allowing a district court in its discretion to "award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648, 656 (1978).

In the present case, the plaintiff wholly failed to offer any evidence indicating racial bias in her employment termination. The employee handbook of Color Tile clearly states that all new employees are "probationary" for the first sixty calendar days of employment, and during that period are not entitled to the benefits stated in the handbook unless expressly stated to the contrary. Among the handbook benefits to which probationary employees are not entitled are excused/unexcused absence criteria in determining whether an employee performs sufficient work.

The plaintiff, a black woman, was employed by Color Tile on June 14, 1983, and served in a probationary employee status until her discharge on July 26, 1983 for excessive absenteeism. During this relatively short period of employment, the plaintiff missed 74½ hours of work; however, only three hours were unexcused. Although the plaintiff alleged that her discharge was due to racial discrimination, the plaintiff put forth no evidence whatsoever showing racial discrimination by Color Tile against either her or any other black employees. To the contrary, evidence demonstrates that the plaintiff was discharged at the recommendation of her supervisor, a black male, and that she was replaced by another black female. Furthermore, the evidence shows that blacks comprise a significantly larger percentage of Color Tile's work force; however, the number of blacks-to-whites discharged for excessive absenteeism is nearly equal. Thus, propor-

**64**

tionately more whites were discharged for excessive absenteeism.

In view of this evidence, and due to the total lack of any evidence supporting the plaintiff's allegations of racial discrimination, the court granted a directed verdict in favor of the defendant Color Tile. Furthermore, the court hereby determines that the plaintiff's action was frivolous, unreasonable, and without foundation; thus, the court in its discretion rules that Color Tile should prevail upon its counterclaim for attorney fees.

■ In determining a reasonable attorney fee in a particular case, the Fifth Circuit has adopted a standard similar to the lodestar method adopted in the Second, Third, and District of Columbia Circuits. *Copper Liquor, Inc. v. Adolph Coors Co. [Copper III]*, 684 F.2d 1087, 1092–93 (5th Cir.1982). Under the Fifth Circuit approach, a district court in this circuit must consider the twelve factors enumerated in *Johnson v. Highway Express*, 488 F.2d 714, 717–19 (5th Cir.1974) in awarding a statutorily authorized attorney fee, specifically:

(1) The time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee [for similar work in the community], (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* Furthermore, the first, fifth, eighth, and ninth factors deserve special heed, and should be considered in the following framework:

(1) Ascertain the nature and extent of the services supplied by the attorney;

(2) Value the services according to the customary fee and quality of the legal work; and

(3) Adjust the compensation on the basis of the other *Johnson* factors that may be of significance in the particular case.

*Copper III*, 684 F.2d at 1092. Thus, the court determines a lodestar figure equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. This lodestar is then adjusted to reflect any other applicable *Johnson* factors, such as quality of representation and the contingent nature of the suit. *Id.* at 1093. Finally, the district judge must "explain the findings and reasons upon which the award is based, including an indication of how each of the twelve factors in *Johnson* affected his decision." *Copper Liquor, Inc. v. Adolph Coors Co. [Copper II]*, 624 F.2d 575, 581 (5th Cir.1980). The court will first consider the four factors deserving of "special heed."

(1) *The time and labor involved.* Analysis of the hours submitted by defendant's attorney reveals the following breakdown:

| | | Total Hours |
|---|---|---|
| (a) | Time in court | 15.65 |
| (b) | Out-of-court legal work prior to trial | 177.40 |
| (c) | Travel, correspondence, and other work not of a strictly legal nature, primarily the development of proof | 37.90 |
| (d) | Attorney fee brief, affidavit, research | 26.80 |
| | TOTAL | 257.75 |

■ The defendant's attorney has demonstrated to the court's satisfaction that the hours submitted were spent on this cause. However, the court in its discretion determines that an award is not appropriate for the 26.8 hours spent by the defendant's attorney with respect to preparation of the attorney fee brief and affidavit. Accordingly, the court's award shall be based on the remaining 230.95 hours.

(2) *The customary fee.* The defendant's attorney customarily charges $75.00 per hour as a minimum fee, regardless of the nature of the work performed. Although such uniformity has the advantage of simplicity, the court notes that attorneys frequently charge varying rates, depending upon whether the work is in-court, out-of-court, or of a non-legal nature. Furthermore, the Fifth Circuit has noted the appropriateness of distinguishing between legal work and work of a non-legal nature, commenting that the "dollar value [of non-legal work] is not enhanced just because a lawyer does it." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d at 717. In the present case, the court finds it appropriate to apply different hourly rates to time spent in court, out-of-court legal work, and other work not strictly of a legal nature. In determining an appropriate hourly rate, the court is also cognizant of amounts it has awarded to experienced trial attorneys in other cases. *See, e.g., Woodfork v. Gavin*, No. DC83–186–NB–O, slip op. at 2 (N.D. Miss. April 16, 1985) [Available on WESTLAW, DCTU database] (award of $60 per hour to senior partner in firm who has been in practice over 25 years).

(3) *The amount involved and the results obtained.* Although the plaintiff did not set forth a specific monetary demand, potential recovery could have been large. Color Tile states on belief that the case could have been settled for a relatively small amount, but concluded that the precedential effect of settlement with a probationary employee was such that settlement was unfeasible. Obviously, the defendant could ask for no better trial result than a directed verdict at the close of plaintiff's proof.

(4) *The experience, reputation, and ability of the attorney.* Levingston obtained an undergraduate degree from Vanderbilt University, a law degree from the University of Michigan, and has actively practiced law for over 40 years. He is rated by his peers in the Martindale-Hubble Law Directory with the highest possible rating, "a.v." Finally, he demonstrated sufficient competence throughout this case.

In view of the foregoing, the court in its discretion determines that the lodestar figure should be computed at $60.00 per hour for in-court time, $45.00 per hour for out-of-court legal time, and $25.00 per hour for work not strictly of a legal nature. Applying these rates to the hours previously stated, the court arrives at a lodestar figure of $9,869.50.

The court next must determine whether any of the eight remaining *Johnson* criteria warrant an increase or decrease in this figure.

(1) *The novelty and difficulty of the question.* Although the case in issue was not novel, it was extremely time-consuming for the defendant's attorney due to the necessity of examining many personnel files in order to comply with plaintiff's discovery requests.

(2) *The skill requisite to perform the legal services properly.* The briefs, pleadings, and motions filed by the defendant's attorney clearly demonstrate sufficient legal skill.

(3) *The preclusion of other employment by the attorney due to acceptance of the case.* The defendant's attorney states that defense of this claim did not preclude other employment.

(4) *Whether the fee is fixed or contingent.* Defendant Color Tile entered into a fixed fee agreement with Mr. Levingston for representation at $75.00 per hour, plus expenses at the following rates: 30 cents per page for photocopies, and $4.50 per long distance call regardless of duration.

(5) *Time limitations imposed by the client or the circumstances.* The defendant's attorney has documented no unusual time limitations imposed by this case.

(6) *The "undesirability" of the case.* No evidence indicates that Levingston will suffer adverse consequences in a professional capacity due to his participation in this litigation.

(7) *The nature and length of the professional relationship with the client.* Levingston has served as local counsel for

Color Tile since it opened its offices in Cleveland, Mississippi over six years ago.

(8) *Awards in similar cases.* The only other case in which Levingston has ever sought attorney fees for a defendant occurred recently in county court in Cleveland, Mississippi. In that case, Levingston was awarded fees of $75.00 per hour plus expenses in a replevin action. Furthermore, the court has been cited no Title VII cases wherein the defendant has recovered attorney fees.

▇ In the present case, the court finds no special factors warranting either an upward or downward adjustment of the lodestar figure. Accordingly, the court determines that the defendant is entitled to an award of $9,869.50 in attorney fees.

▇ The defendant further seeks recovery of $2,282.20 in expenses incurred by Levingston. Of this total amount, $260.78 was incurred in preparation of the attorney fees brief. The court in its discretion excludes these expenses, leaving $2,021.42 in expenses, comprised of the following elements:

| | |
|---|---|
| Postage | $ 65.00 |
| Telephone | 49.07 |
| Duplication costs (5,413 pages at $.30 per page) | 1,623.90 |
| Federal express | 24.00 |
| Mileage | 46.20 |
| Depositions | 207.25 |
| Copies of cases | 6.00 |
| TOTAL | $2,021.42 |

The court determines that $.10 per page is adequate in the present case for duplication costs, thereby reducing this item to $541.30, and reducing the total expense figure to $938.82. These expenses appear proper to the court; thus, $938.82 shall be awarded to the defendant for Levingston's expenses.

▇ Finally, Color Tile seeks recovery for travel, lodging, telephone and other expenses incurred by Phil Collins, Jimmy Coleman, Carl Sorrell, Carolyn Harberson, Larry Calhoun and Eldon Dill with respect to this case. Carl Sorrell was not listed on the pre-trial order as a witness in any regard; accordingly, no amount shall be allowed for expenses paid by Color Tile to him. Furthermore, Carolyn Harberson did not attend the trial and thus is not allowed any amount. Collins, Coleman, Calhoun, and Dill were listed in the pre-trial order as fact witnesses. Inasmuch as none of these persons qualified as expert witnesses, they are entitled only to the usual statutory fees and mileage. The court notes that the trial lasted less than one day, and that all of the witnesses reside approximately one hour from the courthouse except for Collins, a resident of Batesville, Arizona, who necessarily spent two days with this trial. Therefore, the court determines that a subsistence allowance for overnight lodging is proper only in the case of Phil Collins. *See* 28 U.S.C. § 1821(d)(1) (Supp.1986) (payment of subsistence allowance to witness when overnight stay required due to distance of courthouse). Accordingly, the following witness expenses are appropriate:

| | |
|---|---|
| Total mileage of fact witnesses: 660 miles at 20.5 cents per mile | $135.30 |
| Witness fee: 5 days at $30 per day | 150.00 |
| Subsistence allowance: 1 night at $50 | 50.00 |
| TOTAL | $335.00 |

28 U.S.C. § 1821 (Supp.1986). *See also Neely v. City of Grenada,* 77 F.R.D. 484, 488 (N.D.Miss.1978).

The defendant is entitled to attorney fees of $9,869.50, attorney expenses of $938.82, and witness expenses of $335.00, for a total award of $11,143.32.

An order shall issue accordingly.