REPRINTED OPINION

Derek VINSON, Plaintiff–Appellant,

v.

Glenn HECKMANN,
Defendant–Appellee.

No. 91–8031
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Derek Lee Vinson, pro se.

Eric M. Sheppard, Jo Anne Bernal, Asst. Attys. Gen., and Don Morehart, Austin, Tex., for defendant-appellee.

Before POLITZ, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:

Derek Vinson, an inmate in the Texas Department of Criminal Justice, sued Glenn Heckmann, Director of the Texas Board of Paroles and Pardons. The district court dismissed Vinson's § 1983 suit as containing only conclusory allegations. Vinson appeals both the district court's dismissal of his suit and the district court's refusal to appoint him counsel. We affirm and impose sanctions on Vinson for filing a frivolous appeal.

I.

Proceeding pro se and in forma pauperis, Vinson filed a complaint under 42 U.S.C. § 1983 against Heckmann, in both his indi-vidual and official capacity. In his complaint, Vinson alleged that Heckmann 1) failed to train his staff properly, 2) deprived him of parole, 3) deprived him of "good time" credits, 4) caused him to suffer oppression, 5) caused him to associate with people with criminal records in violation of his freedom of association, 6) caused him to lose the inheritance of a family business, and 7) deprived him of a pardon. The magistrate then struck the portions of Vinson's complaint which were in the nature of habeas corpus relief, and the case proceeded as a civil suit for damages. Vinson then filed a motion for appointment of counsel, which the magistrate denied. The district court then withdrew the case from the magistrate "in order to decrease the flow of paper" in response to "a mountain of meritless and harassing motions" by Vinson.

Heckmann answered the civil suit and moved to dismiss it, stating that Vinson's allegations were conclusory and that Vinson had failed to implicate him personally. After Vinson failed to respond to the court's order to show cause why his case should not be dismissed, the district court granted Heckmann's motion to dismiss and dismissed the action. Vinson then filed an objection to the court's order of dismissal. The court construed the "objection as a timely motion for reconsideration under Rule 59 of the Federal Rules of Civil Procedure." The court then denied the motion. This appeal followed.

II.

A.

Vinson first argues that the trial court abused its discretion in dismissing his case because he did not file responsive pleadings in answer to the court's order to show cause. He contends that the district court should have held an evidentiary hearing rather than dismissing his case on the pleadings. This argument is factually erroneous as well as meritless.

Heckmann moved to dismiss raising the issue of absolute and qualified immunity. When a complaint raises the likely issue of

absolute or qualified immunity, the plaintiff is required to "include [in the complaint] detailed facts supporting the contention that the plea of immunity cannot be sustained." *Elliott v. Perez,* 751 F.2d 1472, 1482 (5th Cir.1985). The district court ordered Vinson to show cause why his action should not be dismissed, but Vinson did not respond. Although Vinson objected to the order to show cause, he simply reiterated the allegations from his complaint: 1) Heckmann was not immune because he and his staff used improper grounds to deny Vinson parole and deprived him of his right to freedom of association, and 2) immunity is against public policy.

The district court granted Heckmann's motion to dismiss because Vinson offered only conclusory allegations and did not allege detailed facts involving Heckmann. The court found that the "issues raised by the Defendant in his motion to dismiss [we]re meritorious." The district court did not err. "[P]arole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers." *Walter v. Torres,* 917 F.2d 1379, 1384 (5th Cir.1990). Vinson alleged no set of facts which entitled him to relief.

### B.

■ Vinson next argues that the trial court abused its discretion in failing to appoint him counsel. This claim is meritless. Vinson had no right to the automatic appointment of counsel because the case did not present "exceptional circumstances." See *Ulmer v. Chancellor,* 691 F.2d 209, 212–13 (5th Cir.1982).

### C.

■ On appeal, Vinson moves this court to disqualify Judges Rubin, Davis, King, Duhe, Garwood, Jones, Ingraham [sic], Clark, Higginbotham, Williams, and Jolly. Generally, he contends that these judges have a personal bias against him. Motions to disqualify judges appear regularly in Vinson's appeals. This one contains unfounded insulting remarks and allegations almost identical to several that have been previously filed. We will strike the motion. See *Theriault v. Silber,* 579 F.2d 302, 302–03 (5th Cir.1978) (per curiam), *cert. denied,* 440 U.S. 917, 99 S.Ct. 1236, 59 L.Ed.2d 468 (1979).

### D.

■ This court may impose sanctions upon parties who take frivolous appeals. Fed.R.App.P. 38. Vinson's appeal is "so frivolous as to warrant the imposition of sanctions." *McGoldrick Oil Co. v. Campbell, Athey & Zukowski,* 793 F.2d 649, 653 (5th Cir.1986).

Vinson has been warned and sanctioned by the district court as to frivolous filings on several occasions. In *Vinson v. Texas Board of Corrections,* 901 F.2d 474, 475 (5th Cir.1990), we affirmed the district court's imposition of a $150 sanction and prohibited Vinson from filing further appeals in this court until he paid the district court's sanction. Vinson paid the sanction, but he was not deterred.

In an unpublished opinion, this court consolidated and dismissed two of Vinson's appeals and warned that any further frivolous appeals would result in sanctions more severe than $150. *Vinson v. Pack,* No. 90–4615, and *Vinson v. Cooper,* No. 90–4634, 921 F.2d 274 (5th Cir. Dec. 3, 1990) (unpublished), *cert. denied,* —— U.S. ——, 111 S.Ct. 1394, 113 L.Ed.2d 450 (1991). In *Vinson v. Polk* (No. 91–8084) on February 6, 1991, we imposed a sanction of $1,000 for a frivolous appeal. Another appeal followed, *Vinson v. Herron* (No. 91–4222), 935 F.2d 1291 (5th Cir.1991). Besides Herron, Vinson currently has pending before this court this appeal, filed on November 19, 1990, and *Vinson v. Quarterman* (No. 90–8640) filed on November 8, 1990.

The time has come for the imposition of a more stringent sanction. Effective immediately, all clerks within our supervisory jurisdiction, trial and appellate, are directed to decline to accept any filing from Derek Vinson unless, as to appellate filings a judge of this court has first specifically

authorized such and, as to district court filings, a judge of the forum court has first specifically authorized the filing.

APPEAL DISMISSED; SANCTIONS IMPOSED.