**George Dunbar PREWITT, Jr., Plaintiff,**

v.

**Mike MOORE, Attorney General; Dick Molpus, Secretary of State; Kirk Fordice, Governor, in Their Official Capacities, Including Their Positions as Members of the Mississippi State Board of Election Commissioners, and John Pearson, Defendants.**

No. 4:92CV296–D–O.

United States District Court,
N.D. Mississippi,
Greenville Division.

Dec. 29, 1993.

George Dunbar Prewitt, Jr., Greenville, MS, for plaintiff.

Mary M. Bowers, Mississippi Atty. General's Office, Jackson, MS, for defendants.

## *MEMORANDUM OPINION*

DAVIDSON, District Judge.

This case is before the court upon motion of the State Defendants to Dismiss the section 2 claim advanced under the Voting Rights Act of 1965 ("Act"), as amended, codified at 42 U.S.C. § 1973 et seq. The facts and procedural history of this case are set out in a memorandum opinion dated November 2, 1993, by the three-judge court empaneled to hear plaintiff's cause of action on the section 5 count of the complaint. The three-judge court granted the State defendants' motion to dismiss, and the remaining claim, which is pending before the undersigned, pertains to section 2 of the Act. Upon consideration of the remaining section 2 claim, the undersigned finds that the motion to dismiss is well taken, and the same will be granted by separate order to issue this day.

### *Background*

In the complaint filed by the plaintiff, Mr. Prewitt alleges that *Miss.Code Ann.* §§ 9-1-103 & 105, chapter 587, diminishes the voting power of black Mississippians in violation of section 2 of the Act. Section 9-1-103, which was enacted by the Mississippi Legislature in the 1989 session, allows the Governor of Mississippi to appoint qualified individuals to fill vacancies that occur for unexpired terms of office in judicial posts by reason of death of the incumbent, resignation, retirement, removal from office, etc.

§ 9-1-103. **Vacancy in office.**

Whenever a vacancy shall occur in any judicial office by reason of death of an incumbent, resignation or retirement of an incumbent, removal of an incumbent from office, or creation of a new judicial office in which there has not heretofore been an incumbent, the Governor shall have the authority to appoint a qualified person to fill such vacancy to serve for the unexpired term or until such vacancy is filled by election as provided in Section 23-15-849, Mississippi Code of 1972. When a vacancy shall occur for any of the reasons enumerated in this section, the clerk of the court shall notify the Governor of such vacancy immediately.

*Miss.Code Ann.* § 9-1-103 (Rev.1991).

Similarly, section 9-1-105 paves the way for judicial appointments by the Chief Justice of the Mississippi Supreme Court, with the advice and consent of a majority of the justices, to appoint special judges to serve on an emergency basis in certain situations. Specifically, section 9-1-105 refers to physical disability or sickness of a judge, absence of a judicial officer from the state, judicial disqualification under the Code of Judicial Conduct, or "for any other reason." *Miss.Code Ann.* § 9-1-105(1) (Rev.1991). The pertinent text of § 9-1-105 is reproduced below:

§ 9-1-105. **Physical disability or sickness; absence of judicial officer from state, etc.; appointment of special judge to serve on emergency basis.**

(1) Whenever any judicial officer is unwilling or unable to hear a case or unable to hold or attend any of the courts at the time and place required by law by reason of the physical disability or sickness of such judicial officer, by reason of the absence of such judicial officer from the state, by reason of the disqualification of such judicial officer pursuant to the provision of Section 165, Mississippi Constitution of

1890, or any provision of the Code of Judicial Conduct, or for any other reason, the Chief Justice of the Mississippi Supreme Court, with the advice and consent of a majority of the justices of the Mississippi Supreme Court, may appoint a person as a special judge to hear the case or attend and hold a court.

(2) Upon the request of the senior judge of a chancery or circuit court district, the Chief Justice of the Mississippi Supreme Court, with the advice and consent of a majority of the justices of the Mississippi Supreme Court, shall have the authority to appoint a special judge to serve on an emergency basis in a circuit or chancery court. It shall be the duty of any special judge so appointed to assist the circuit or chancery court to which he is assigned in the disposition of causes so pending in such court.

(3) When a vacancy exists for any of the reasons enumerated in Section 9–1–103, the vacancy has not been filled within seven (7) days by an appointment by the Governor, and there is a pending cause or are pending causes in the court where the vacancy exists that in the interests of justice and in the orderly dispatch of the court's business require the appointment of a special judge, the Chief Justice of the Supreme Court, with the advice and consent of a majority of the justices of the Mississippi Supreme Court, may appoint a qualified person as a special judge to fill the vacancy until the Governor makes his appointment and such appointee has taken the oath of office.

(4) If the Chief Justice pursuant to this section shall make an appointment within the authority vested in the Governor by reason of Section 165, Mississippi Constitution of 1890, the Governor may at his election appoint a person to so serve. In the event that the Governor makes such an appointment, any appointment made by the Chief Justice pursuant to this section shall be void and of no further force or effect from the date of the Governor's appointment.

(5) When a judicial officer is unwilling or unable to hear a case or unable or unwilling to hold court for a period of time not to exceed two (2) weeks, the trial judge or judges of the affected district or county and other trial judges may agree among themselves regarding the appointment of a person for such case or such limited period of time. The trial judges shall submit a notice to the Chief Justice of the Supreme Court informing him of their appointment. If the Chief Justice does not appoint another person to serve as special judge within seven (7) days after receipt of such notice, the person designated in such order shall be deemed appointed.

(6) A person appointed to serve as a special judge may be any presently sitting or retired chancery, circuit or county court judge or Supreme Court Justice, or any other person possessing the qualifications of the judicial office for which the appointment is made; provided, however, that a judge or justice who was retired from service at the polls shall not be eligible for appointment as a special judge in the district in which he served prior to his defeat.

\* \* \* \* \* \*

*Miss.Code Ann.* § 9–1–105 (Rev.1991).

Both statutes, sections 9–1–103 and 9–1–105, pertain to the filling of judicial vacancies and the appointment of special judges, respectively. According to the complaint, plaintiff Prewitt, an attorney from Greenville, Mississippi, appeared before a "special judge" who had been appointed by the Chief Justice of the Mississippi Supreme Court. Presumably, the Chief Justice made the appointment under authority of § 9–1–105 upon request from the local judge who had recused himself from Mr. Prewitt's case.

As explained in great detail in the three-judge opinion dated November 2, 1993, sections 9–1–103 and 9–1–105 implicated no change with respect to voting that was different from that in effect on November 1, 1964. The opinion tracked the legislative history of both sections noting that some form of the 1989 legislation (§§ 9–1–103 and 9–1–105) had long existed in Mississippi's constitutional and statutory scheme. At best, § 9–1–105 provided for limited appointment powers, for the first time, allowing the Chief Justice to appoint special judges on an emergency ba-

sis. The Chief Justice's appointive powers are quite limited. Namely, any appointment made by the Chief Justice is void should the Governor thereafter exercise his constitutional and statutory appointive authority. *Miss. Code Ann.* § 9–1–105(4) (Rev.1991). Even so, the three judge court noted that the authority of the Chief Justice of the Mississippi Supreme Court to make appointments, instead of the Governor, reflected nothing more than a slight shift in the appointive authority between the executive and judicial branches of government in Mississippi. This limited "shift" in appointment powers was not a change, "with respect to voting," subject to section 5. *Presley v. Etowah County Commission,* 502 U.S. ——, ——, 112 S.Ct. 820, 828, 117 L.Ed.2d 51, 64 (1992); *Beer v. United States,* 425 U.S. 130, 138, 96 S.Ct. 1357, 1362, 47 L.Ed.2d 629, 638 (1976); *Allen v. State Bd. of Elections,* 393 U.S. 544, 569, 89 S.Ct. 817, 833, 22 L.Ed.2d 1, 19 (1969); *Bonilla v. City Council of City of Chicago,* 809 F.Supp. 590, 597 (N.D.Ill.1992); *State of Texas v. United States,* 785 F.Supp. 201, 204 (D.D.C.1992).

In conclusion, there has not been a change 'with respect to voting' with § 9–1–103 and 9–1–105 that was different from that in effect and force on November 1, 1964. *Presley* made it clear that judicial or administrative pre-clearance under section 5 is not required where appointment of officials and not the election of officials is at issue. The voters in Mississippi still elect Supreme Court, Circuit Court and Chancery Court Judges just as they did prior to November 1, 1964. Appointments on a temporary basis are still made in instances of disqualification. Miss.Code Ann. § 9–1–101 et seq. does not prohibit Mississippi voters from electing judges formerly subject to their approval. The introduction of §§ 9–1–103 and 9–1–105 in the 1989 legislative session has no nexus with the import of section 5—which is to prohibit changes in voting procedures which have the effect of diluting or abridging the right to vote on the basis of one's race. *Beer v. United States,* 425 U.S. 130, 141, 96 S.Ct. 1357, 1363, 47 L.Ed.2d 629, 632 (1976).

*Prewitt v. Moore, et al.,* 840 F.Supp. 428, 436 (1993) (three-judge court).

### Analysis

A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84–85 (1957). The case *sub judice,* however, is one where dismissal is appropriate.

Section 2 of the Voting Rights Act provides:

(a) No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement to vote on account of race or color, or in contravention of the guarantees set forth in section 1973b(f)(2) of this title, as provided in subsection (b) of this section.

(b) a violation of subsection (a) of this section is established if, based on the totality of circumstances, it is shown that the political process leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) of this section in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice. The extent to which members of a protected class have been elected to office in the State or political subdivision is one circumstance which may be considered: *Provided,* That nothing in this section establishes a right to have members of a protected class elected in numbers equal to their proportion in the population.

42 U.S.C. § 1973 (amended 1982) (Supp. 1993).

The Mississippi electorate has never been afforded the statutory or constitutional opportunity to elect temporary judges to preside over cases where the elected judge has recused himself or herself from the case. It is little wonder that no citizen, black or

white, has ever participated in an election to elect a replacement judicial officer for a recused judge. The court trusts that the inefficiency of requiring an election each and every time a need arises for a temporary judge is obvious. As described in the earlier opinion of the court, the law of this state has always allowed for temporary appointments in such instances. As such, the Voting Rights Act does not reach appointment procedures which do not involve voting. *Chisom v. Roemer*, 501 U.S. 380, ——-——, 111 S.Ct. 2354, 2366–67, 115 L.Ed.2d 348, 365 (1991); *Bradley v. Indiana State Election Bd.*, 797 F.Supp. 694, 698 (S.D.Ind.1992). Indeed, it is well recognized that section 2 is inapplicable to appointive offices. *Irby v. Virginia State Bd. of Elections*, 889 F.2d 1352, 1357 (4th Cir.1989); *Dillard v. Crenshaw County, Alabama*, 831 F.2d 246, 251 (11th Cir.1987); *Williams v. State Bd. of Elections*, 696 F.Supp. 1563, 1568–69 (N.D.Ill.1988); *Searcy v. Williams*, 656 F.2d 1003, 1010 (5th Cir. Unit B 1981), *aff'd without op. sub nom. Hightower v. Searcy*, 455 U.S. 984, 102 S.Ct. 1605, 71 L.Ed.2d 844 (1982).

As explained by the district court in *Williams*, the Voting Rights Act does not touch the appointive process, unless there has been some shift in the filling of vacancies from elected to appointed positions. As explained above, the case at bar does not concern the appointment of temporary judges formerly subject to the approval of the electorate.

> By its very terms, the Act extends only to mechanisms involved in the election of representatives. However, the people of Cook County do not elect the Associate Circuit Court judges; they are appointed by the regular Circuit Court judges. Because Associate Circuit Court judges are not elected representatives of the people within the plain meaning of the Act, we hold that the plaintiffs cannot challenge the appointment of Associate Circuit Court judges. Though the plaintiffs contend that full relief re-

quires reappointment of all Associate Circuit Court judges by properly elected Circuit Court judges, we cannot extend coverage of the Voting Rights Act beyond its terms. The Voting Rights Act covers elected officials only. Associate judges are appointed officials.

*Williams v. State Bd. of Elections*, 696 F.Supp. 1563, 1568 (N.D.Ill.1988).

In granting the motion to dismiss, the court notes that the State Defendants advance additional grounds for dismissal of the complaint.[1] The court finds it unnecessary and does not reach the merits of these additional grounds.

A separate order accompanying this memorandum opinion will be issued this day.

---

1. For example, the defendants, citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), argue that the Eleventh Amendment is a bar to plaintiff's state law claims allegedly asserted under sections

153 and 165 of the Mississippi Constitution. *See Florida Dept. of Health v. Florida Nursing Home Ass'n*, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).