George Dunbar PREWITT, Jr., Plaintiff

v.

Luther ALEXANDER, Jamie McGowin, Alfred Rankins, Lon Pepper, Elsie Abraham, in their official capacities as the Washington County Board of Supervisors, Washington County, Mississippi, George T. Kelly, Jr., Eugene Bogen, Jerome Hafter, Andrew Alexander, and Mississippi Power & Light Company, Defendants.

NO. 4:94CV94–B–O.

United States District Court,
N.D. Mississippi,
Greenville Division.

Feb. 27, 1996.

Maudine Gatlin Eckford, Mississippi Attorney General's Office, Jackson, MS, for Eugene Bogen.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court upon the defendants' motions [1] for attorney's fees and sanctions against the plaintiff, George Dunbar Prewitt, Jr. The court has duly considered the parties' memoranda and exhibits and is ready to rule.[2]

The plaintiff, a lawyer, filed this action *pro se* seeking various relief on unrelated causes of action against numerous defendants. His amended complaint cited several code sections as the basis for his action, including 42 U.S.C. §§ 1973 et seq., 1981, 1981A, 1982, 1983, 1985, 2000e et seq., and 3601 et seq. Included within his complaint were allegations of wrongful termination from his position as assistant public defender of Washington County, corruption within the public defender's office regarding the representation received by minorities, unjustified refusal to place plaintiff's name on a list of attorneys eligible to defend indigent defendants, accessory to wrongful termination, and trespassing. All of these actions were allegedly taken in furtherance of a conspiracy alleged by the plaintiff to drive minorities out of Greenville's voting ward three, so as to maintain white control of city government.

The court set a hearing on October 18, 1994, at the request of the plaintiff for a preliminary injunction. At said hearing, the court dismissed all claims against Jerome Hafter, Andrew Alexander, and Mississippi Power and Light, as well as the claims against Circuit Judge Eugene Bogen in his official capacity. By separate memorandum opinions entered July 25 and 26, 1995, the court dismissed the claims against Bogen in his individual capacity, as well as all claims against the remaining defendants. The court now turns to the issue of attorney's fees and sanctions.

George Dunbar Prewitt, Jr., Greenville, MS, pro se.

Jane Horne Myers Virden, Lake Tindall, L.L.P., Greenville, MS, for Luther Alexander, Jamie McGowin, Alfred Rankins, Lon Pepper, Elsie Abraham, George T. Kelly, Jr.

1. Each of the defendants, with the exception of Eugene Bogen, has filed, either separately or jointly, a motion for attorney's fees and sanctions.

2. The plaintiff, despite ample opportunity to do so, has failed to respond to any of the motions for attorney's fees and sanctions.

## I. ATTORNEY'S FEES

█ Under 42 U.S.C. § 1988, the court, in its discretion, may award attorney's fees to a prevailing party in any action brought pursuant to 42 U.S.C. §§ 1981, 1981A, 1982, 1983, 1985, and 1986. Although prevailing plaintiffs are ordinarily entitled to an attorney's fee under 42 U.S.C. § 1988 unless special circumstances would render an award unjust, prevailing defendants are entitled to attorney's fees only if the plaintiff's claims are frivolous, unreasonable, or groundless. *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir.1991); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 545 (5th Cir.1978). In the present action, the court finds that the plaintiff's claims are so lacking in merit as to justify an award of attorney's fees to the prevailing defendants under 42 U.S.C. § 1988. However, while each defendant meets the prevailing party criteria, only those defendants represented by counsel may recover attorney's fees under 42 U.S.C. § 1988. The fee shifting provision of 42 U.S.C. § 1988 does not apply to *pro se* defendants such as Jerome Hafter and Andrew Alexander, even though both *Hafter* and Alexander are licensed attorneys. *Kay v. Ehrler*, 499 U.S. 432, 435–438, 111 S.Ct. 1435, 1436–1438, 113 L.Ed.2d 486, 491–493 (1991). Therefore, the court finds that only defendants Mississippi Power & Light, George Kelly, Washington County, and the Washington County Board of Supervisors are entitled to an award of attorney's fees under 42 U.S.C. § 1988.

█ Other grounds, however, entitle each of the defendants in this action to recover an award of attorney's fees. Under 28 U.S.C. § 1927, "any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Although proceeding *pro se*, the plaintiff is a licensed attorney in the State of Mississippi, and therefore, is subject to liability for costs, expenses, and attorney's fees under 28 U.S.C. § 1927. *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir.1992) *cert. denied*, 507 U.S. 1043, 113 S.Ct. 1879, 123 L.Ed.2d 497 (1993); *Lapin v. United States*,

118 F.R.D. 632, 636 (D.Haw.1987). The court finds that this entire action was brought about by the plaintiff's irrational and vexatious conduct, so as to require the plaintiff to personally satisfy all of the costs, expenses and attorney's fees incurred by each of the defendants. For the same reasons set forth below relating to Rule 11 sanctions, the court finds that Hafter and Alexander, though defending themselves *pro se*, are entitled to an award of attorney's fees under 28 U.S.C. § 1927.

█ Finally, under Rule 11 of the Federal Rules of Civil Procedure, the court may impose appropriate sanctions, including attorney's fees, against any party who files a frivolous action, not reasonably supported by the existing law, or who files an action for an improper purpose, such as to harass another party to the suit. In this action, the court finds that an imposition of Rule 11 sanctions is appropriate against the plaintiff, in light of the frivolous and vexatious nature of the action. The plaintiff's causes of action are so wholly unsupported by the undisputed facts and existing law as to raise serious questions regarding the plaintiff's motive in bringing this action, as pointed out in the Court's October 18, 1994 bench opinion in this case. The court finds that the appropriate form of Rule 11 sanctions in this matter is an award of attorney's fees and case expenses in favor of each of the defendants who have requested such an award. The court is mindful of its duty to impose the least severe sanction necessary to achieve the objectives of Rule 11. *See Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 877–878 (5th Cir.1988). However, the court finds that requiring the plaintiff to bear the cost of the defendants' attorney's fees and case expenses is warranted in light of the numerous warnings given to the plaintiff in the past and the plaintiff's continuous abuse of the judicial process despite prior sanctions.

Although proceeding *pro se*, defendants Hafter and Alexander are entitled to an award of attorney's fees imposed against the plaintiff as a sanction under Rule 11. The policy grounds underlying the award of attorney's fees under Rule 11 (and 28 U.S.C. § 1927) are different from those underlying

42 U.S.C. § 1988. Fee shifting statutes such as 42 U.S.C. § 1988 are governed by such specific considerations as enabling victims of civil rights violations to secure legal representation and ensuring the effective prosecution of meritorious claims. *Kay*, 499 U.S. at 436–437, 111 S.Ct. at 1437–1438, 113 L.Ed.2d at 492. Providing fees to *pro se* litigants under 42 U.S.C. § 1988 serves as a disincentive to retaining independent counsel, who will likely be the most effective representative of the plaintiff.[3] *Kay*, 499 U.S. at 438, 111 S.Ct. at 1438, 113 L.Ed.2d at 493. However, sanctions awarded under Rule 11 (and 28 U.S.C. § 1927) are essentially deterrent in nature, imposed in an effort to discourage dilatory tactics and the maintenance of untenable positions. *See Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 345 (5th Cir.1990). The purpose of the rule would therefore not be frustrated by awarding attorney's fees to *pro se* defendants.

■ To determine the appropriate amount of attorney's fees to be awarded under the aforementioned provisions, the court must evaluate the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974),[4] and determine "a lodestar figure equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Nisby v. Commissioners Court of Jefferson County*, 798 F.2d 134, 136–37 (5th Cir.1986); *Jackson v. Color Tile, Inc.*, 638 F.Supp. 62, 64 (N.D.Miss.1986), aff'd. 803 F.2d 201 (5th Cir.1986). The court must then adjust the lodestar figure to reflect any factors not otherwise subsumed in the lodestar calculation. *Nisby*, 798 F.2d at 136–137; *Jackson*, 638 F.Supp. at 64.

Defendant Jerome Hafter seeks $5,640.00 in fees, based on 36.4 hours expended at $150.00 per hour. Defendant Andrew Alexander seeks $5,443.75 in fees, based on 43.55 hours expended at $125.00 per hour. He also seeks $180.72 in case expenses. Defendant Mississippi Power and Light seeks $35,675.00 in fees and $807.76 in case expenses. Mississippi Power and Light is represented by Victor McTeer and Associates, who expended the following hours:[5]

> Victor McTeer: 141.8 hours at $150.00 per hour;
>
> Shirley Byers: 13.0 hours at $110.00 per hour; and
>
> Donald Eicher: 129.75 hours at $100.00 per hour.

Finally, defendants George Kelly, Washington County, and the Washington County Board of Supervisors, represented by Jenny Virden, seek $2,710.00 in fees, based on 27.1 hours expended at $100.00 per hour.

■ The plaintiff has failed to respond to the defendants' request for attorney's fees. Therefore, neither the time expended nor the prevailing hourly rates are disputed. By not contesting the fee requests of the defendants, the plaintiff, in effect, admits the validity of the requested amounts. *See Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 722 (5th Cir.1995); *United States v. Con–Real Support Group, Inc.*, 950 F.2d 284, 290 (5th Cir.1992). The court has reviewed the time affidavits of the attorneys and finds the time recorded in the entries to be reasonably expended. The court likewise finds that each of the requested hourly rates is commensurate with the prevailing rates in the community. Therefore, the court finds that the foregoing amounts requested by the defendants constitute the appropriate lodestar amounts.

---

**3.** The prevailing pro se litigants in this action are defendants rather than plaintiffs, and therefore, the underlying basis for fee shifting, which precludes pro so litigants from recovering attorney's fees under 42 U.S.C. § 1988, would not necessarily apply. However, the court can find no support for the proposition that prevailing pro se defendants are entitled to an award of attorney's fees under 42 U.S.C. § 1988. The court need not analyze the issue further, since in this action, the pro se defendants are entitled to attorney's fees under other provisions.

**4.** Under Local Rule 15(b)(3), the *Johnson* factors are to be considered for any fee application.

**5.** The court notes that this was a relatively high number of hours compared to the other defendants. However, on their face, the hours appear reasonable. As mentioned below, if the plaintiff fails to contest the validity of the hours expended, the court will deem the hours to be reasonable, with the exception of any distinctly excessive entries.

■ The lodestar is presumptively reasonable and should be enhanced only in certain exceptional cases. *Von Clark v. Butler*, 916 F.2d 255, 260 (5th Cir.1990). In the present case, none of the defendants seek an enhancement of the lodestar amount. The court has reviewed each of the twelve Johnson factors [6] to determine whether an adjustment to the lodestar is appropriate. Some of the factors have been considered in determining the lodestar amount, such as the time and labor required, the customary fee, and the experience, reputation and ability of the attorneys. For the sake of brevity, and since none of the parties seek an adjustment to the lodestar, the court will not address: each factor in this opinion; however, the court has reviewed the twelve *Johnson* factors and finds that an adjustment to the lodestar amount is not warranted.

## II. SANCTIONS

■ The defendants further ask that this court sanction the plaintiff for the frivolous and vexatious nature of the plaintiff's complaint. In light of the plaintiff's record of filing frivolous actions, the defendants request that this court prohibit the plaintiff from filing any further actions in the Northern District of Mississippi without prior court approval. For the reasons set forth below, the court finds such a drastic sanction to be appropriate and necessary in light of the plaintiff's history of filing frivolous and vexatious lawsuits in this court.

The plaintiff has a long history of filing actions and motions that are entirely without merit.[7] While the court cannot state that every action the plaintiff files lacks merit, it is clear that the great majority of the plaintiff's actions are unsupported by the law and/or the facts. In the present action, the plaintiff accused the defendants of attempting to drive him out of Greenville's ward three, as part of a greater conspiracy to maintain white control of Greenville's city government. When questioned upon deposition, the plaintiff was not able to identify any facts which supported this alleged conspiracy. The plaintiff accused Andrew Alexander of being part of the conspiracy by allegedly giving advice to the postal service supervisor who several years ago fired the plaintiff from his job with the United States Postal Service. The plaintiff's "evidence" that Alexander gave advice to the postal supervisor consists solely of the fact that Alexander and the supervisor attend the same church.

At least one of the defendants in this action has alleged that the plaintiff uses his position as a member of the bar to harass people with whom he has had personal disagreements in the past by filing frivolous lawsuits against them. There is evidence to

---

6. The twelve factors are as follows:

(1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–719.

7. The following is a partial list of the actions filed by the plaintiff, Dunbar Prewitt: *Prewitt v. United States Postal Service*, 754 F.2d 641 (5th Cir.1985) (appellate court threatened sanctions for vexatious multiplication of litigation, although Prewitt was a pro se litigant); *Prewitt v. United States Postal Service*, No. 86–4092, 792 F.2d 1119 (5th Cir. filed June 17, 1986) (Prewitt sanctioned for double costs and threatened not to undertake any more claims arising out of the same facts); *Prewitt v. Lipe*, No. GC89–109–B–O (N.D.Miss.1990), *aff'd*, No. 90–1509, 933 F.2d 1004 (5th Cir. filed May 17, 1991) (sanctioned Prewitt $100.00); *Prewitt v. Hendricks*, No. GC90–59–B–O (N.D. Miss. order March 15, 1990) (dismissed case at conclusion of preliminary injunction hearing and awarded costs) *Prewitt v. Kelly*, No. 92–12652 (Cir. Ct. Washington Co., Miss. order October 28, 1992) (sanctioned Prewitt for failure to appear at deposition and awarded costs); *Prewitt v. Moore*, No. 3–94–CV199–B–N (S.D. Miss. order June 2, 1994) (dismissed § 5 claim as frivolous) *Prewitt v. Moore*, 840 F.Supp. 428 (N.D.Miss.1993) (dismissed § 5 claim with prejudice); *Prewitt v. Moore*, 840 F.Supp. 436 (N.D.Miss.1993) (dismissed § 2 claim with prejudice) *A–1, a 14 year old minor v. Molpus*, No. 493–CV–75–D–O (N.D. Miss. order Aug. 27, 1993) (dismissed without prejudice in light of same case filed in the Southern District of Mississippi); *A–1, a 14 year old minor v. Molpus*, No. 393–CV–471–W–C (S.D. Miss. order Jan. 21, 1994) (dismissing § 5 claims for lack of merit).

support such an assertion. Filing suit against someone for the sole purpose of harassment is reprehensible, and the plaintiff has been warned several times in the past, by both this court and the Fifth Circuit Court of Appeals, that frivolous lawsuits will not be tolerated.

Not only does the plaintiff have a habit of filing vexatious litigation, but he also has a history of making outrageous, scandalous and unfounded accusations against members of the judiciary. He has charged every judge in the Northern District of Mississippi and at least one in the Southern District with being racially biased, even going so far as to accuse one judge of participating in the lynching of a black youth. He has further accused all three judges of fraud, corruption and lying. He has asked that his most recent case be heard by judges from outside the Fifth Circuit. None of the plaintiff's accusations against the judiciary have had enough merit to survive the initial stage of judicial scrutiny. Prewitt does not limit his castigation of the judiciary to the judges of the Northern District of Mississippi. In a brief filed in one of the plaintiff's voting rights cases, Prewitt states:

> ... it is clear that the history, of racial lynchings and discrimination could not have occurred without the instigation and connivance of the Mississippi judiciary. It is time that the judiciary of Mississippi is accountable to the people for its misdeeds.

To those familiar with Prewitt, statements such as these are not uncommon.

The Fifth Circuit has indicated that under some circumstances, an individual may be barred from filing lawsuits within the District Court without prior court approval. *See Matter of United Markets Int'l, Inc.,* 24 F.3d 650 (5th Cir.1994), *cert. denied,* 513 U.S. 946, 115 S.Ct. 356, 130 L.Ed.2d 310 (1994); *Vinson v. Heckmann,* 940 F.2d 114 (5th Cir. 1991); *Farguson v. MBank Houston, N.A.,* 808 F.2d 358 (5th Cir.1986); *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir.1986). *Vinson* involved an inmate in the Texas Department of Criminal Justice who apparently had a habit of filing frivolous complaints and appeals. Although the Court of Appeals did not go into great detail regarding Vinson's

litigious history, it did note that Vinson had been warned and sanctioned by the District Court as to frivolous filings on numerous occasions. *Vinson,* 940 F.2d at 116. Despite threats of ever-increasing sanctions, Vinson continued undeterred. Vinson's appeals often included motions to disqualify judges for an alleged personal bias against him. *Id.* In sanctioning Vinson for filing yet another frivolous appeal, the Court of Appeals directed all clerks within the jurisdiction of the Fifth Circuit to decline to accept any filing from Vinson unless, as to appellate filings, a judge of the Court of Appeals had first authorized such filing and, as to district court filings, a judge of the forum court had first authorized the filing. *Id.* at 116–117.

In *Day,* the court found the plaintiff to have defied numerous court orders, abused court personnel, and made slanderous statements concerning judges, law clerks, administrators, and litigants. The plaintiff had been given numerous warnings regarding his actions and the possibility of severe sanctions. While assessing monetary sanctions against the plaintiff, the court noted that the plaintiff was dangerously close to the level of vexatiousness sufficient to justify an injunction prohibiting the plaintiff from filing any further actions without prior leave of court. *Id.* at 1115.

In support of its warning of the potential for more severe sanctions in *Day,* the Fifth Circuit cited with approval *In re Martin–Trigona,* 737 F.2d 1254 (2d Cir.1984). *Day,* 788 F.2d at 1115. Anthony Martin–Trigona, like George Dunbar Prewitt, had a history of filing meritless lawsuits, motions, and pleadings. Martin–Trigona used the legal system to harass all those who had the misfortune to cross his path. *In re Martin–Trigona,* 737 F.2d at 1256. The district court, after enduring an incessant stream of frivolous motions, demands, and letters from Martin–Trigona, entered an order preventing Martin–Trigona from filing any further pleadings or motions without prior leave of court. *Id.* at 1258–1259. The district court's order did not prevent Martin–Trigona from defending himself in any criminal action brought against him, nor did it deny Martin–Trigona access to the United States Court of Appeals. *Id.* The

Second Circuit, while modifying some of the provisions of the order, essentially affirmed the district court's action in restricting Martin–Trigona's access to the courts. *Id.* at 1262–1264.

Several other courts have seen fit to impose similar sanctions limiting a person's access to the court system. For a sampling of such cases, please refer to the following, and the cases cited therein: *Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d Cir.1986), *cert. denied*, 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2d 175 (1987); *In re Green*, 669 F.2d 779 (D.C.Cir.1981); *Gordon v. United States Dep't of Justice*, 558 F.2d 618 (1st Cir.1977); *Kersh v. Borden Chem.*, 689 F.Supp. 1442 (E.D.Mich.1988).

In *Safir*, the Second Circuit set forth the following five factors that courts should consider in determining whether to restrict a litigant's access to the courts: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Safir*, 792 F.2d at 24. In reviewing these factors, the court finds that each one leads to the inescapable conclusion that drastic sanctions are warranted in this matter. As stated, Prewitt has a well-documented history of initiating vexatious and duplicative litigation which appears to be instigated largely for the purpose of harassing his perceived enemies. His actions have caused a substantial amount of unnecessary burden and expense to both his adversaries and the judicial system. Although numerous sanctions and warnings have been issued to the plaintiff in the past, none have served to deter him from engaging in vexatious litigation. Therefore, this court, concurred in by all judges of the district, finds it necessary to implement restrictions specifically designed to curb the plaintiff's abuse of the judicial process.

## CONCLUSION

For the foregoing reasons, the court finds that the defendants' motions for attorney's fees and sanctions should be granted, and the plaintiff should be restricted from filing any further actions in the United States District Court for the Northern District of Mississippi without prior leave of court.

An order will issue accordingly, setting forth the specific amount of attorney's fees to be awarded as well as the parameters of the limitations upon the plaintiff's ability to file suit in this district.

