151 F.3d 1035
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Louis P. WARDEN, Plaintiff-Appellant,
v.
NOVO NORDISK OF NORTH AMERICA, INC., Defendant-Appellee.
 No. 97-3976.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 29, 1998.*
Decided Aug. 6, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. No. 95 C 953, David F. Hamilton, Judge.
 Before Hon. RICHARD A. POSNER, Hon. WILLIAM J. BAUER and Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 This is the latest in a long series of frivolous suits by Louis P. Warden against Novo Nordisk of North America, Inc., and its affiliates (collectively referred to as "NNNA"). See, e.g., Warden v. Squibb/Novo, No. 95-7571, slip op. (2d Cir. Aug. 9, 1995) (unpublished order); Warden v. Squibb/Novo, 676 A.2d 909 (Del.1996) (unpublished order); Warden v. Novo Industri of North America, No. 96C-07-075 SCD, 1996 WL 769269 (Del.Super.Ct. Dec.18, 1996) (unpublished order). Warden's complaint and brief appear to assert that he has suffered some unspecified injury relating to NNNA's allegedly illegal sale of insulin, its response to his whistle blowing and worker's compensation claims, and its alleged drug experiments on people. The district court granted NNNA's motion to dismiss, finding that NNNA is not subject to personal jurisdiction, that there was no diversity jurisdiction, and that the court lacked subject matter jurisdiction because Warden's claims are insubstantial and frivolous.
 
 
 2
 We review the district court's dismissal for lack of subject matter jurisdiction de novo. Kaplan v. United States, 133 F.3d 469, 472 (7th Cir.1998). The substantiality doctrine requires that a federal district court dismiss a complaint for want of federal subject matter jurisdiction where the claims contained in the complaint are wholly insubstantial and frivolous. Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1180 (1989). Warden's complaint lacks even minimum plausibility, therefore making the district court's dismissal for lack of subject matter jurisdiction appropriate. Fed.R.Civ.P 12(h)(3). Further, the body of Warden's brief, consisting of less than two pages aside from attachments, is entirely incomprehensible and unsupported by any argument in violation of Federal Rule of Appellate Procedure 28(a). Having found that the district court lacked subject matter jurisdiction, we need not address the other grounds that formed the basis of the district court's dismissal.
 
 
 3
 Because Warden shows no sign that he will discontinue his pattern of filing frivolous and insubstantial suits against NNNA and related companies, we propose to enter, as numerous other courts have done, see, e.g., Warden v. E.R. Squibb & Sons, Inc., No. CV-91-0456 (E.D.N.Y. Aug.29, 1994) (unpublished order); (R. 37, Ex. F, G, H, J, K), the following sanction order:
 
 
 4
 Louis Warden, individually, with others, or through a representative, is prohibited from filing any papers in any federal court in the Seventh Circuit against NNNA or any present, former, or future subsidiary, parent, related or affiliated company, or against any present or former employees of such companies, unless he obtains express prior authorization from the court he seeks to commence an action in.
 
 
 5
 In order to seek authorization to commence such an action, Warden must file a "Motion Pursuant to Court Order Seeking Leave to File" with the court he wishes to commence an action in; the motion must be accompanied by a copy of the proposed paper to be filed, a copy of this order, and must either: (a) be prepared and filed by a licensed attorney, or (b) if filed by the plaintiff pro se, be accompanied by a memorandum of law in support of plaintiff's claims which includes an affidavit certifying that the claims the plaintiff wishes to present are new and have never before been raised in any federal court and are not barred by the statute of limitations. Warden is not permitted to submit a motion to modify or rescind this order to this court, before two years from the date of this order. If Warden disregards the order we enter today, the receiving court may consider contempt charges.
 
 
 6
 See Vinson v. Heckmann, 940 F.2d 114, 116-17 (5th Cir.1991).
 
 
 7
 Pursuant to the notice and opportunity requirement set forth in Fed.R.App.P. 38 and Cir.R. 38, Warden has fourteen (14) days from the filing date of this order to file with this court his written reasons opposing the above proposed sanction order. Failure to respond shall result in automatic imposition of the proposed sanction order. The appellee in this case may, if it wishes, file its respective position within the same time period.
 
 
 8
 The district court's judgment is AFFIRMED. Further, it is ORDERED that Warden shall have fourteen (14) days from the date of this entry to respond to the proposed sanction order.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)