# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 11, 2010

Lyle W. Cayce
Clerk

No. 09-20673
Summary Calendar

JAMES LEGGETT,

Plaintiff-Appellant

v.

US ATTORNEY GENERAL,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-812

Before HIGGINBOTHAM, CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

James Leggett seeks leave to proceed in forma pauperis (IFP) on appeal to challenge the district court's dismissal of his civil rights complaint against the United States Attorney General. In order to obtain IFP status, Leggett must show both that he is financially eligible and that he will present a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Leggett pleaded guilty to submitting a false claim for assistance to the Federal Emergency Management Agency (FEMA). He now argues that he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

falsely accused and convicted. The district court correctly concluded that Leggett's claims for damages based on a wrongful conviction may not be pursued until his conviction is overturned, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994). Leggett does not address this aspect of the district court's ruling and has effectively abandoned it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Leggett's appeal lacks arguable merit and we dismiss it as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. We note that because Leggett was incarcerated at the time he filed his complaint, the district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). We caution Leggett that if he is returned to prison and accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). We further caution Leggett that, as a non-prisoner, he is subject to sanctions for pursuing frivolous appeals. *See Vinson v. Heckmann*, 940 F.2d 114, 116 (5th Cir. 1991).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.