[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 19-12378; 19-12901
Non-Argument Calendar

_____

D.C. Docket Nos. 2:16-cv-00776-SPC-CM,

2:16-cv-00776-SPC-UAM


LOUIS MATTHEW CLEMENTS,

Plaintiff-Appellant,

versus

3M ELECTRONIC MONITORING,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(November 25, 2019)


Before MARTIN, GRANT and TJOFLAT, Circuit Judges.

PER CURIAM:

Louis Clements, proceeding pro se, sued 3M Electronic Monitoring ("3M")[1] in federal court alleging that an ankle-monitoring bracelet 3M manufactured was defective.  We have previously issued orders affirming the dismissal of his second amended complaint and affirming the denial of two motions for reconsideration.  Clements now appeals from the denial of his third and fourth motions for reconsideration.  Following careful review, we affirm.

**I.**

Clements filed his initial complaint on October 19, 2016.  He amended his complaint twice, after which 3M moved to dismiss all his claims.  The district court dismissed Clements's claims as time-barred and denied his motion for reconsideration and recusal.  Clements requested leave to amend to add a claim of intentional infliction of emotional distress ("IIED") in his opposition to the motion to dismiss, the district court's order on the motion to dismiss did not address Clements's request to amend.  Clements, in turn, did not mention this request in his motion for reconsideration or his initial appeal.  We affirmed the district court's dismissal on the ground that Clements failed to allege physical harm to his person or property.  See Clements v. Attenti US, Inc. ("Clements I"), 735 F. App'x 661, 663–64 (11th Cir. 2018) (per curiam) (unpublished).  Physical harm is a necessary

---

[1] During this case, 3M Electronic Monitoring was sold by 3M Company and the company name was changed to Attenti US, Inc.  For the sake of continuity, we continue to use "3M."

element to recovery under either a theory of strict products liability or negligence in Florida.  See id. at 663.  Because the issue had not been raised, our order affirming dismissal of Clements's case did not address whether dismissal without leave to amend was appropriate.  Id. at 664.

Clements then filed a second motion for reconsideration before the district court, this time arguing he should have been granted leave to amend his complaint to allege claims of IIED.  The district court denied his motion and again, this Court affirmed.  See Clements v. 3M Elec. Monitoring ("Clements II"), 770 F. App'x 506, 508–09 (11th Cir. 2019) (per curiam) (unpublished).  Our order on the second motion for reconsideration stated that, while the district court should have addressed Clements's request for leave to amend at the motion to dismiss stage of litigation, the failure to do so was not so extraordinary as to require reconsideration under Federal Rule of Civil Procedure 60(b).  Id. at 508.

Following our issuance of the order in Clements II but before the mandate issued, Clements submitted his third motion for reconsideration before the district court.  This time his motion urged the court to reconsider its initial motion dismissing his complaint and grant him leave to amend his complaint.  The district court again denied Clements relief.  Clements then moved the district court for reconsideration a fourth time.  In his fourth motion, Clements asked the district court to reconsider its order denying his third motion for reconsideration.  He

3

argued he should be allowed to file a third amended complaint alleging a "continuing tort" that would vitiate the court's concerns about his claims being time-barred and facts that would give rise to his emotional distress claims. The district court denied the motion, holding Clements (1) waived his right to challenge the denial of his first motion to amend by not including it in his initial appeal and (2) had not shown reconsideration was needed to correct clear error or prevent manifest injustice.

## II.

In this consolidated appeal, Clements challenges the denial of his third and fourth motions for reconsideration. 3M has filed a brief in opposition to both appeals. 3M also asks us to impose a filing injunction on Clements.

### A.

First, we affirm the district court's denial of Clements's motions for reconsideration. Earlier this year, we said the district court did not abuse its discretion when it denied Clements's motion to reconsider the denial of his motion for leave to amend. Clements II, 770 F. App'x at 508–09. We held that, even if Clements was correct that the district court should have addressed his motion to amend at an earlier stage in the litigation, he was not entitled to relief at this point because he had forgone "the opportunity to challenge the district court's failure to address his motion for leave to amend both in his initial motion for reconsideration

4

and during his first appeal to this Court." Id. at 508.  This holding is the law of the case and binds us here.  Clements's third and fourth motions raise the same issues based on the same evidence as in his earlier, unsuccessful motions.  See United States v. Escobar-Urrego, 110 F.3d 1556, 1561 (11th Cir. 1997) ("[A] decision of a legal issue or issues establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case . . . ." (alteration adopted and quotation marks omitted)).

Clements says denying him the ability to amend would result in substantial injustice.  However, this Court has already concluded that, even if the district court should have addressed his request for leave to amend during the motion to dismiss stage of litigation, this did not warrant extraordinary relief.  See Clements II, 770 F. App'x at 508–09.  In addition, Clements's arguments regarding the district court's decision to take judicial notice of certain documents filed in state court are irrelevant insofar as those documents related only to the district court's dismissal based on the statute of limitations.  As stated above, this Court's decision to affirm the dismissal of Clements's case was not based on the statute of limitations.  See Clements I, 735 F. App'x at 663–64.  Thus, there is no manifest injustice warranting relief.  See Escobar-Urrego, 110 F.3d at 1561 (stating that manifest injustice may be found where decision below was clear, reversible error).

5

B.

3M urges us to enjoin Clements from making any further pro se filings without the consent of a magistrate judge. Although we have the power to sanction a frivolous litigant from filing further papers without leave of the court, see Higdon v. Fulton County, 746 F. App'x 796, 800 (11th Cir. 2018) (per curiam) (unpublished) (recognizing the federal courts' inherent power to enjoin abusive and vexatious litigation), we decline to do so here. Where one litigant seeks to prevent another litigant from filing further papers in conjunction with a particular action, relief is better sought from the district court in the first instance. See Higdon, 746 F. App'x at 800 (collecting cases where district courts imposed a filing injunction). A circuit-wide filing injunction could be a proper remedy against a litigant who has engaged in abusive litigation practices across multiple courts and cases. Cf. Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) ("[T]he scope of the [filing injunction] must be narrowly tailored to fit the particular circumstances of the case before the District Court."); Vinson v. Heckmann, 940 F.2d 114, 116–17 (5th Cir. 1991) (per curiam) (imposing circuit-wide filing injunction after existing sanctions proved insufficient to deter frivolous litigation tactics). However, 3M has presented no evidence of such widespread abuse. To the extent 3M seeks monetary sanctions, we deny the motion given Clements's pro se status. See Weaver v. Mateer & Harbert, P.A., 523 F. App'x 565, 566 n.1 (11th

6

Cir. 2013) (per curiam) (unpublished); <u>Woods v. IRS</u>, 3 F.3d 403, 404 (11th Cir. 1993) (per curiam).  We note, however, that Clements's repeated motions for reconsideration smack of frivolity, and if this pattern continues, 3M could be justified in seeking sanctions from the district court.  <u>See</u> <u>Weaver</u>, 523 F. App'x at 566 n.1.

## III.

The district court's orders denying Clements's third and fourth motions for reconsideration are **AFFIRMED**.  3M's motion for sanctions is **DENIED WITHOUT PREJUDICE**.